[No. 15477.   Department One.—May 22, 1894.]

J. P. McCABE, Appellant, v. D. S. CARPENTER, Tax Collector, etc., Respondent.

Constitutional Law—Taxation of School District—Power of Legislature—Discretion of Local Authority.—Under section 12 of article XI of the constitution the legislature cannot impose a tax upon the property or inhabitants of a school district, nor can it prescribe a procedure through which such tax would inevitably be levied, without leaving any discretion in regard to it to the local authorities.

Id.—High School Act Unconstitutional—Delegation of Legislative Power to County Superintendent.—The act to provide for the establishment of high schools in the state of California, approved March 12, 1891, is unconstitutional, in that it authorizes the county superintendent of schools to furnish to the board of supervisors an estimate for the tax, and makes it the duty of the board to proceed to fix a rate which will realize the amount of his estimate, thus leaving the amount of the tax wholly to the discretion of an executive officer, and leaving no discretion in the board, and thereby delegating legislative power to the county superintendent.

Id.—Power to Levy Tax Legislative—Ministerial Act.—The power to levy a tax is purely legislative, and the high-school act vests no legislative power in the board, but commands them to do a purely ministerial act in a mode prescribed, without reference to their judgment or discretion.

Appeal from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion.

*T. C. Coogan*, and *W. W. Foote*, for Appellant.

The act is obnoxious to article III, paragraph 1, of the state constitution. The county superintendent of schools is an executive officer, and this act attempts to confer legislative power upon him. (*People* v. *Parks*, 58 Cal. 624; *Houghton* v. *Austin*, 47 Cal. 643; *Savings and Loan Society* v. *Austin*, 46 Cal. 415.)

*Henley & Costello, Henley & Macsherry*, and *A. C. Hartley*, for Respondent.

The act is clearly constitutional. (Cooley on Taxation, 2d ed., 63, 86; *Macklin* v. *Trustees*, 88 Ky. 592.)

Temple, C.—This action was brought to recover from the defendant, as tax collector, the amount of certain taxes paid under protest.

Certain school districts in Contra Costa county combined to establish a high school under an act of the legislature, entitled "An act to provide for the establishment of high schools in the state of California," approved March 20, 1891. (Stats. 1891, p. 182.) The plaintiff questions the validity of a tax levied under this law.

It is contended that the law is unconstitutional, in that it authorizes the county superintendent of schools to furnish to the board of supervisors an estimate for the tax, and makes it the duty of the board to proceed to fix a rate which will realize the amount, thus leaving the amount of the tax wholly to the discretion of an executive officer, and leaving no discretion in the board. The law provides, " an annual tax shall be levied by the authorities, whose duty it is to levy taxes in counties, cities, incorporated towns, the amount of said tax being estimated by the county superintendent of schools, . . . . and by him certified to the proper authorities, on on before the second Monday of September of each year. And it shall be the duty of such authorities to levy such rate as will produce the amount estimated to be necessary for such purpose."

This estimate is furnished after the assessments have been equalized. No opportunity to be heard is afforded the taxpayer, and the discretion of the officer is controlled only by the phrase " amount estimated to be necessary for such purpose."

Appellant contends that this provision violates section 1, article III, of the state constitution, which divides the powers of the government into three departments, and declares that " no person charged with the exercise of powers properly belonging to one of these departments shall exercise any functions pertaining to either of the others."

It is not denied that the county superintendent of

schools is an executive officer.   It seems to me, how-
ever, that if it be granted that the section quoted vests
in the county superintendent of schools legislative power,
the act is void, without reference to the character of the
person in whom the power is vested.

Preliminarily to this question, another presents itself.
Could the legislature have levied the tax in question, or
must it vest in the local authorities that power under
section 12, article XI, of the constitution?   School dis-
tricts have been called public corporations and *quasi*
municipal corporations.   (*Hughes* v. *Ewing*, 93 Cal.
414.)   Public and municipal corporations are both
mentioned in the section quoted from the constitution.
But I think school districts have generally been consid-
ered a part of the county organization, and so they are
regarded in the statute under consideration.   In *Hughes*
v. *Ewing*, 93 Cal. 414, it seems to have been held that a
school district comes within the provision of section 12,
article XI, and that the legislature cannot impose a tax
upon the property or the inhabitants, but must vest the
power in the local authorities.   Whether a school dis-
trict is itself a public corporation, or, with reference to
the section under consideration, is to be deemed a part
of the county organization, is immaterial to this argu-
ment.   In either view the constitutional provision lim-
its the power of the legislature in the matter of imposing
taxes upon the inhabitants or the property within it.
If the legislature cannot impose a tax upon the prop-
erty or inhabitants of a school district, it would seem
to follow, that it cannot prescribe a procedure through
which such tax would inevitably be levied without leav-
ing some discretion in regard to it to the local authori-
ties.   The legislature imposes the tax when it requires
an officer to make certain computations, the result of
which must fix the amount to be levied.   Such a pro-
cess enjoined upon local authorities does not vest in
such authorities the power to tax as required by section
12, article XI.   Therefore the argument of the respond-

ent's counsel, that such is the effect of the act, if correct, will not help him.

But, since the power to levy a tax is purely legislative, it would seem to follow, that the power cannot be vested in any other authority of the local corporation than the body in which is vested the legislative power of such municipal corporation. At all events, it could not vest such power in an executive officer of such corporation.

Section 1817 of the Political Code has no application to proceedings under this law. No process or procedure is laid down, following which the county superintendent shall reach the amount of his estimate. The word itself implies the use of discretion by the person required to make it in regard to a future contingency which is not capable of exact computation. The act itself gives no rule or *data*, not even, except by inference, that the purpose of the tax is to meet the expenses of the high school. Looking to the provisions in the general school law, in regard to the discretion of county superintendents, and trustees of school districts, we find they have a wide range of discretion in regard to expenditures. The trustees have, however, no voice in making this estimate; are not even required to furnish any *data* for it. How many teachers may be required, or how many months the school shall be held, or what other expenses would be incurred, are all conjectural, and all left to the judgment and discretion of the county superintendent. And nothing, except the use of the word "estimate," implies that he is controlled even by such conjecture. And when the estimate reaches the board of supervisors of the county which the act, in a way, recognizes as the proper authority to levy the tax, it has nothing to do but make a mathematical calculation, which consists in dividing the amount of the estimate by the amount of the taxable property in the district, and to enter the order. This is not the exercise of power. It is obedience to a command. Where one is required to do a given act in a mode prescribed, with-

out reference to his judgment or discretion, except as to the mode of complying, the act is purely ministerial.

The province of the county superintendent, and the function of the board, are well illustrated by the memorandum furnished the president of the board in this case. It consisted of an unsigned writing on a strip of paper, showing the amount of property in the district, amount required, allowance for delinquency and rate. Of course the board had nothing to do but to enter the order indicated by it, and this they must do if the law is valid. Certainly no legislative power is vested in the board in reference to this tax.

It is admitted that the power to levy is purely legislative. What discretion does the legislature exercise when it levies a property tax?

The constitution provides that all property shall be taxed in proportion to value. The revenue laws provide modes of assessment, of ascertaining the ratable share of each taxpayer, the constitution itself fixing the rule of apportionment. The province of the legislature, then, is simply and solely to determine the amount. This, under the law in question, was done by the county superintendent. The board had no part or share in this, the only legislative function connected with it. Of course, it is claimed that the act of the board alone gave the levy its vitality as a levy. But as the board had no discretion in the matter, it must follow either that the legislative power is delegated to the county superintendent, or the tax is imposed by the legislature. The order entered was really made by the county superintendent. The function of the board was clerical.

The question as to whether, in a given case, there has been a delegation of the legislative power, is sometimes a very difficult question to determine. Executive officers are often required to exercise a large discretion in the performance of purely administrative acts. The legislature cannot always anticipate contingencies which may arise. So it has been sometimes said, as in *People*

v. *Reynolds*, 5 Gilm. 12 (quoted with approval in *Savings and Loan Society* v. *Austin*, 46 Cal. 415), that there was a restricted sense in which legislative discretion may be delegated.

" We see, then, that while the legislature may not divest itself of its proper functions, or delegate its general legislative authority, it may still authorize others to do those things which it might properly, yet cannot advantageously, do itself. . . . . The object to be accomplished, or the thing permitted, may be specified, and the rest left to the agency of others, with better opportunities of accomplishing the object, or doing the thing understandingly."

This difficulty in drawing a precise line between legislative and administrative functions is noticed by Judge Cooley in his work on *Taxation*, page 62. He says:

" We conceive that the legislature must, in every instance, prescribe the rule under which taxation may be laid; it must originate the authority under which the tax-gatherer demands the contribution; but it need not prescribe all the details of action, or even fix with precision the sum to be raised, or all the particulars of its expenditure. If the rule is prescribed which, in its administration, works out the result, that is sufficient; but to refer the rule to another would be in excess of legislative power."

The author then gives some illustrations of the doctrine. One is where the judgments of a state board of claims are made final, and the legislature directs that the claims allowed shall be added to the general levy; another case is the awards of a commission to settle claims between counties which are to be added to the levy; another is power to add to the levy to create a contingent fund, to be at the disposal of the executive, though not enumerated in detail by the legislature. The author, however, immediately adds that to leave to a court, board, or state officer, the power to determinate the rate of a levy is incompetent.

A similar question was considered by this court in two cases which were in all respects alike, and which were considered with very great care—*Savings and Loan Soc.* v. *Austin,* 46 Cal. 415, and *Houghton* v. *Austin,* 47 Cal. 646.

They involved the validity of a tax levy, determined under an act of the legislature, by a board composed of the governor and other executive officers. The legislature fixed the amount to be raised, and directed the board to transmit to county supervisors the rate of state tax, "which, after allowing for delinquency in the collection of taxes, must be sufficient to raise the specific amount of revenue directed to be raised by the legislature for state purposes."

The only discretion given the board was to estimate the probable delinquency, and the board had considerable *data* upon which this could be done in past experience. Yet it was, after an exhaustive discussion, held, although the effect was temporarily to deprive the state of its revenues, that the act was void because of this attempt to delegate legislative discretion. Manifestly, a much larger discretion is given by the act under consideration to the county superintendent than was given to the board created by that act.

The case of *Macklin* v. *Trustees,* 88 Ky. 592, does not seem to me in point. The question there was whether, under the act of the legislature, the power to levy a tax could be delegated to the trustees of a school district without referring the question to the inhabitants of the district. As a delegation of legislative power it would, upon principle, have been just as objectionable when delegated to the inhabitants as to the trustees. The law was treated as conferring power upon a municipal government, and the discussion had reference to the extent to which such power could be delegated to such corporation. That this is an exceptional case is declared by Cooley in his work on Taxation, page 63. Here one objection is that the power was delegated, not to the local legislature, but to an executive officer. And

the power vested in this officer, or attempted to be, was a perpetual power to levy any amount of tax he might deem desirable, year after year, without control by the inhabitants, or any local board, although he is not a district officer, and not necessarily an inhabitant of the district.

If I am right in this position, it becomes unnecessary to determine the other points made. I recommend that the judgment and order be reversed, and the court directed to enter judgment for the plaintiff on the findings.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and the court below directed to enter judgment for the plaintiff on the findings.

VAN FLEET, J., GAROUTTE, J., HARRISON, J.