6]                AUGUST TERM, 1914.                251

State ex rel. Carey v. Ballard, 158 Wis. 251.

STATE EX REL. CAREY, Respondent, vs. BALLARD and another, imp., Appellants.

*May 5—October 6, 1914.*

*Constitutional law: Delegation of legislative power: Taxation: Highways: County and state aid: Force clause: Validity.*

1. Except as it may confer local legislative powers on county boards and municipal corporations, the legislature cannot delegate legislative powers to any officer or to any body of persons, individual or corporate.
2. In conferring the taxing power on local governments, the legislature must provide for its exercise by the proper legislative authority of the local governments.
3. The power to tax must be exerted by the legislative branch of the government either directly or through the officers of a political subdivision, who act in their capacity of legislative representatives of the people to be taxed, and they are required to exercise their discretion and judgment as to the necessity and amount of the tax to be imposed.
4. Sub. 3 of sec. 1317m—4, Stats. 1913 (which requires a town board to levy a highway tax whenever "any group of freeholders in the county desiring the improvement of a portion of the system of prospective state highways lying within that town" present a petition for such improvement and a receipt of the town treasurer showing that at least one half of the town's share of the estimated cost of the specified improvement has been paid), is unconstitutional and void because it attempts to delegate the legislative power to levy a tax to a group of freeholders in their individual capacity.
5. The provisions of said sub. 3 of sec. 1317m—4 being separate from and not having been the inducement for the enactment of the other parts of the act (secs. 1317m—1 to 1317m—15, Stats.), the invalidity of sub. 3 does not render such other parts of the act void.

APPEAL from an order of the municipal court of Outagamie county: JOHN GOODLAND, Acting Judge. *Reversed.*

This is a *mandamus* action to compel the defendants as members of the town board of Grand Chute, Wisconsin, to levy a tax of $4,800 on the taxable property of the town to

pay the town's share of the estimated cost to improve certain highways according to the provisions of ch. 337, Laws of 1911, and acts amendatory thereto.

On August 14, 1913, there were served on the members of the town board of Grand Chute three petitions, signed by three separate groups of freeholders of Outagamie county, requesting and praying for the improvement of three sections of prospective state highways. On this same date there was paid to the town treasurer of Grand Chute, H. Caliebe, the sum of $4,800,—$1,500 of which was to be applied to the improvement of a portion of a highway known and described as the Mackville road, $1,800 to be applied to the improvement of a portion of a highway known as the Asylum road, and $1,500 to be applied on the improvement of the road known and described as the Little Chute road.

*Clinton Ballard* was the chairman of the town and *John Merrity* and Joe Kohl were supervisors. Three receipts signed by H. Caliebe, the treasurer of said town, one for $1,800 and two for $1,500 each, were served with the petition upon the members of the town board. This money had been donated by the freeholders of Outagamie county and was fifty per cent. of the estimated cost of the improvement of the three sections of the prospective state highway, heretofore mentioned.

It further appears that the defendants, as the members of the town board, refused to levy a tax on the taxable property of the town with which to pay the town's share of the improvements. On October 1, 1913, *Orrin Carey,* the relator, petitioned the court for an alternative writ of *mandamus* commanding the defendants to levy a tax of $4,800 on the taxable property of the town of Grand Chute to pay the town's share of the estimated cost of the improvements. On the 2d day of October such a writ issued out of the municipal court of Outagamie county, requiring the members of the town board to levy such a tax in conformity with the

statute or to show cause before the court on the 13th of October why they should not levy such tax.

The defendants answered the writ, setting up as defense that at the annual town meeting of said town for the year 1913 the question of levying a tax for highway improvements under this statute was submitted to the electors and fifty-five voted for and ninety-six against making any appropriation or tax levy. On September 15, 1913, the question of levying such a tax was again presented at a special town meeting and was again rejected by a large majority. At this special meeting resolutions were passed directing the town board not to make any tax levy for said purpose and not to petition the county board for any allotment to cover the county's share of state aid for improvement of the highways in the town, and that if proceedings were brought to compel them to levy such a tax or to petition the county board, the town board was directed to defend such action. The defendants obeyed the instructions of the electors of the town and did not petition the county board or levy any tax under the provisions of said act.

The relator interposed a demurrer to this answer on the grounds (1) that the answer did not state facts sufficient to constitute a defense, and (2) that the same did not show any cause for not obeying the writ. The court entered an order sustaining the demurrer with leave to amend the return. This is an appeal from such order.

For the appellants there were briefs by *Morgan & Benton,* attorneys, and *Jones & Schubring,* of counsel, and oral argument by *John Morgan* and *B. W. Jones.*

For the respondent there was a brief by *A. M. Spencer,* and oral argument by *Mr. Spencer* and *Mr. J. T. Drought.*

There was also a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, as *amici curiæ.* They contended, *inter alia,* that sub. 3 of sec. 1317m—4, Stats., is not invalid as being an unlawful delegation of leg-

islative power.   Highways and bridges are matters of general concern to the people of the whole state.   *State ex rel. Baraboo v. Sauk Co.* 70 Wis. 485, 489, 36 N. W. 396; *Meade v. Dane Co.* 155 Wis. 632, 145 N. W. 239, 243; 1 Elliott, Roads & S. (3d ed.) §§ 465, 509, 511; *State v. Atkin,* 64 Kan. 174, 67 Pac. 519; *State v. Lake Koen N., R. & I. Co.* 63 Kan. 394, 65 Pac. 681.   The state could have required every town in the state to improve that portion of the system of prospective state highways within the limits of such town in any way prescribed by it, and to pay the expense of so doing.   Tiedeman, Mun. Corp. § 301; *State v. Freeman,* 61 Kan. 90, 58 Pac. 959, 47 L. R. A. 67; *State v. Shawnee Co.* 28 Kan. 431; *State v. Williams,* 68 Conn. 131, 35 Atl. 24, 421, 48 L. R. A. 465, affirmed in *Williams v. Eggleston,* 170 U. S. 304, 18 Sup. Ct. 617.   The group of freeholders does not absolutely select the location.   The proposed improvement must be upon a portion of the system of prospective state highways.   This system is selected by the county board.   Sec. 1317m—3, sub. 1.   It is perfectly proper for the legislature to say to this group of freeholders, as it has said by this law, if the town does not perform its full duty in providing for the improvement of the system of proposed state highways, then, upon condition of your contributing at least one sixth of the total cost thereof, we will require the improvement next of that portion of our system of highways that you may desire improved.   *Clendaniel v. Conrad* (Del.) 83 Atl. 1036; *State ex rel. Park v. Portage Co.* 24 Wis. 49; *Pepin Co. v. Prindle,* 61 Wis. 301, 21 N. W. 254; *Lund v. Chippewa Co.* 93 Wis. 640, 67 N. W. 297; *Maxcy v. Oshkosh,* 144 Wis. 238, 265, 128 N. W. 899, 1138; *State ex rel. Curtis v. Geneva,* 107 Wis. 1, 82 N. W. 550; *Sharpe v. Hasey,* 141 Wis. 76, 123 N. W. 647; *State ex rel. Dosch v. Ryan,* 127 Wis. 599, 106 N. W. 1093; *Bloomer v. Bloomer,* 128 Wis. 297, 107 N. W. 974.   The group of freeholders is not given absolute power.   The state high-

way commission "may refuse to allot state funds to aid in constructing any road or bridge whenever the work is not, in their judgment, sufficiently important to justify improvement with state aid." Sec. 1317m—2, sub. 8. The location fixed by the group of freeholders is subject to the approval of the state highway commission. If approved by them, they make it their selection, and the power of repeal, that is of determining adversely upon the proposal to improve, is the real legislative power that is delegated. Sec. 1317m—7, sub. 1, par. (b); *Meade v. Dane Co.* 155 Wis. 632, 145 N. W. 239, 243. The legislature may properly authorize such a commission to determine when the facts exist that under the law require the town to act. *Union L. Co. v. Railroad Comm.* 144 Wis. 523, 129 N. W. 605; *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis. 146, 116 N. W. 905. The group of freeholders does not determine the amount of the tax levy. The legislature has determined how much of a tax shall be raised by a town under such circumstances. This is a perfectly legitimate exercise of legislative power. *State v. Shawnee Co.* 28 Kan. 431; *State v. Williams,* 68 Conn. 131, 35 Atl. 24, 421, 48 L. R. A. 465, affirmed in *Williams v. Eggleston,* 170 U. S. 304, 18 Sup. Ct. 617. The town has been represented in fixing such tax by its representatives in the legislature which passed the law. *State v. Williams, supra.* The character of the improvement is not finally determined by the group of freeholders. All they can do is to start the proceedings—they cannot finally determine any of the questions. *Hill v. Johnson Co.* 82 Kan. 813, 109 Pac. 163. Nothing that they do can be regarded as the exercise of legislative power. *Clendaniel v. Conrad* (Del.) 83 Atl. 1036; *State v. Minnetonka,* 57 Minn. 526, 59 N. W. 972; *St. Paul G. Co. v. Sandstone,* 73 Minn. 225, 75 N. W. 1050. This court has sustained the validity of sec. 1319, Stats., which requires the county to contribute half the cost of constructing bridges in towns, al-

though the county board has no voice in choosing the location of the bridge, determining its character, or deciding on the amount to be expended. *State ex rel. Baraboo v. Sauk Co.* 70 Wis. 485, 36 N. W. 396; *State ex rel. Spring Lake v. Pierce Co.* 71 Wis. 321, 37 N. W. 231; *State ex rel. El Paso v. Pierce Co.* 71 Wis. 327, 37 N. W. 233; *State ex rel. Star Prairie v. St. Croix Co.* 83 Wis. 340, 53 N. W. 698; *State ex rel. Hamburg v. Vernon Co.* 145 Wis. 191, 130 N. W. 104. Among other sections of our statutes requiring public bodies to act upon proper petitions being presented to them are the following: Sec. 926—8 requires city councils to create or divide wards. Secs. 1275, 1275a, 1275b, and 1275m all require the laying out of highways to lands excluded therefrom. Sec. 1299i provides for compelling the laying out of logging highways. If these statutes are constitutional,—and they have at least gone unchallenged for many years,—it is difficult to see wherein the section here involved violates any constitutional provision.

SIEBECKER, J. The question presented is, Do the provisions of sub. 3 of sec. 1317m—4, Stats. 1913, delegate the legislative power to levy a tax to any group of freeholders of a county who may desire "the improvement of a portion of the system of prospective state highways," and if so, is it in violation of the constitutional provision vesting the legislative power in a senate and assembly? By this section of the statutes it is enacted:

"If any town shall fail to appropriate at its annual meeting a sum requiring a tax of three mills on the dollar of its assessed valuation for any of the purposes mentioned in subsection 2 of this section, any group of freeholders in the county desiring the improvement of a portion of the system of prospective state highways lying within that town may, at any time previous to the fifteenth day of August following such failure, present to the town board a petition stating that they desire the improvement of such a portion of the system

as they designate in the petition, in one of the manners provided in subsection 2 of this section, also to be set forth in the petition.    With such petition shall be filed a receipt from the town treasurer, showing that an amount not less than fifty per cent. of the town's share of the estimated cost of the improvement petitioned for has been paid.   The town board shall then levy a tax sufficient to cover the remainder of the cost to the town of the improvement.   The total of such levy and all levies made under subsection 1 of this section shall in no case exceed three mills on the dollar of the assessed valuation of said town, except as provided in subsection 1 of this section."

Under our constitutional form of government the legislature cannot delegate legislative powers to any officer or to any body of persons, individual or corporate, aside from the power to confer local legislative and administrative powers on county boards and municipal corporations.   *Incorporation of North Milwaukee,* 93 Wis. 616, 67 N. W. 1033; *State ex rel. Adams v. Burdge,* 95 Wis. 390, 70 N. W. 347; *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 65 N. W. 738; *State ex rel. Van Alstine v. Frear,* 142 Wis. 320, 125 N. W. 961.   This principle of constitutional government applies with peculiar force to questions involving the power to tax. It is a well recognized principle that county, town, city, and village organizations are a part of the general feature of our political system and form necessary parts of the state government for carrying into effect, through the power of making local laws, the matters pertaining to local governmental affairs, including the power to tax within their respective jurisdictions.   In conferring the taxing power on these local governments the legislature must provide for its exercise by the proper legislative authority of the local governments. *Chicago & N. W. R. Co. v. State,* 128 Wis. 553, 108 N. W. 557.   In *Houghton v. Austin,* 47 Cal. 646, on page 657 it is stated that the taxing power is "one of the most important intrusted to the legislative department, and one which, as

much as any other, calls for the exercise of the judgment, wisdom, and patriotism of the people's representatives. It is no more objectionable to refuse to the people a representation in the body which fixes the amount of this burden than for their representatives to abandon their duty and put it in the power of any three men (however worthy of confidence) to fix the sum which the people shall be compelled to pay." In *People ex rel. Hopkins v. Kings Co.* 52 N. Y. 556, 567, it is held: "They [the legislature] must determine the amount necessary and adequate, and declare the amount to be levied absolutely." "The legislature must therefore determine all questions of state necessity, discretion, or policy involved in ordering a tax and in apportioning it." 1 Cooley, Taxation (3d ed.) 46. The adjudications on the subject clearly establish that the tax power must be exerted by the legislative branch of the government either directly or through the officers of a political subdivision, who act in their capacity of legislative representatives of the people to be taxed, and that they are required to exercise their discretion and judgment as to the necessity and amount of the tax to be imposed. *Board of Comm'rs v. Abbott,* 52 Kan. 148, 34 Pac. 416; *McCabe v. Carpenter,* 102 Cal. 469, 36 Pac. 836; *State ex rel. Howe v. Mayor, etc.* 103 Iowa, 76, 72 N. W. 639; *Bernards v. Allen,* 61 N. J. Law, 228, 39 Atl. 716; *Munday v. Rahway,* 43 N. J. Law, 338; *Meriwether v. Garrett,* 102 U. S. 472. Under sec. 1223, Stats., it is made the duty of town boards to have the care and supervision of all highways and bridges therein and to assess the highway taxes in their town for each year. This policy is carried out in ch. 337, Laws of 1911, providing for state aid and supervision for improvement of public highways and making appropriations therefor, which embraces sec. 1317m—4, in question here. Under the provisions of this chapter of the statutes the legislature has properly conferred the taxing power upon town boards for the care and supervi-

sion of highways within their jurisdictions. The question is, Do the provisions of sub. 3 of sec. 1317$m$—4, Stats., deprive the town boards of their authority to act as the legislative representatives of the people of their respective towns as regards the levying of highway taxes? The provisions of this subsection are mandatory and require the town board to levy a highway tax whenever any group of freeholders of the county, desiring the improvement of a portion of the system of prospective state highways lying within the town, present a petition designating the portion of such system they desire to have improved and a receipt of the town treasurer showing that at least one half of the town's share of the estimated cost of the specified improvement has been paid. It is clear that the town board under such circumstances has no discretion in the matter; that they are deprived of exercising their judgment as to the necessity and the amount of the tax to be imposed. The statute in effect vests in the group of freeholders the power of determining the question whether or not such a tax shall be levied and thereby deprives the town board of the right to pass on this question. This results in conferring the power of levying such tax on a group of freeholders who are not responsible to the people in any respect for the imposition of this tax burden. This, as appears by the adjudications referred to, is in violation of the constitutional right of the taxpayers of the town and renders such attempted legislation invalid. The argument is made that this group of freeholders do not determine the amount of the tax to be levied pursuant to their petition, but that their contribution to the improvement is only a part payment of the cost of the desired improvement which has been directly imposed by the state legislature. The statute providing for the improvement of prospective state highways contains no provision commanding such improvement of any highway. The authority for making such improvements is conferred on the municipalities as local agencies of the state to carry on this

governmental function, but the provisions of sub. 3 of sec. 1317*m*—4 run counter to this scheme and deprive these local authorities of exercising their discretion and judgment as to the desirability of making the improvement designated by the freeholders, and arbitrarily compel them to impose a tax burden on the people of their taxing district. Such being the effect of the legislation, it necessarily follows that the legislature acted in excess of its power in attempting to vest authority for the imposition of a tax for improving highways in a body of freeholders who are not elected by the people as their representatives, nor in any way responsible to them on account of the tax burdens they imposed. We must hold this subsection of the statute as an unwarranted delegation of this power upon several persons in their individual capacity, and that it is invalid and void.

It is suggested that the power conferred by sub. 3 of sec. 1317*m*—4 is in its nature and effect practically identical to that conferred by sec. 1319, Stats., whereby a county board is directed to levy a tax for one half the cost of the construction and repair of a bridge upon petition of a town board showing the town has voted to construct or repair a bridge wholly or partly within such town. An examination of sec. 1319 discloses that the legislative power to determine upon the levy of the tax for the cost of the bridge is delegated to the voters of the town, which has universally been considered an appropriate political subdivision of the state to exercise this power for local purposes and who are responsible to the taxpayers of the town for its share of the cost of the bridge. The town as an integral part of the county can appropriately be selected as the representative of all the people of the county for the purpose of determining the desirability, necessity, and amount of the tax to be paid in the county for this public improvement. The power so to tax the people of the county, and to determine the necessity of the improvement and the cost thereof, is conferred on the town authorities

upon the idea that the state can select this political subdivision to determine these questions for all the people of the county in the administration of the functions of the state for establishing and maintaining the public highways located in the towns. Sub. 3 of sec. 1317m—4, as we have seen, delegates this power to a group of persons in their individual capacity, which is condemned as contrary to the principles of representative government under our constitution.

The law, as it exists with this section omitted therefrom, in no way prevents the town boards from accepting any moneys that may have been heretofore, or will be hereafter, bequeathed, donated, or paid to a town for the purpose of securing the improvements contemplated by the law, and which were intended to be used in connection with any available highway improvement funds in the town treasury for this purpose, and applying such moneys in payment of the cost of such improvement.

Dropping this section from the statute leaves a complete scheme for the improvement of highways as contemplated by the legislature. The provisions of this section are independent and separable from the other parts of the act, and there is no ground for holding that the provisions of this section were the inducement of the enactment of the other parts of the law as it stands with this section omitted. Under the circumstances, the valid parts of the statute stand as the law regulating this subject.

*By the Court.*—The order appealed from is reversed, and the cause is remanded to the lower court with directions that the demurrer to the return be overruled and for further proceedings according to law.