STATE EX REL. BALLARD, Appellant, vs. GOODLAND, Circuit Judge, Respondent.

*December 10, 1914—January 12, 1915.*

*Constitutional law: Officers: Duties: Invalid statute: Removal of town officers by circuit judge:* Quasi-*judicial proceeding: Review:* Certiorari: *Appeal.*

1. An unconstitutional law imposes no enforceable legal duty upon a public officer, but the duties of the officer remain defined by existing valid laws and as if such unconstitutional law had never been enacted.　Refusal to obey such a law is therefore not ground for the removal of an officer.　So *held* as to the "force clause" in ch. 337, Laws of 1911 (sub. 3, sec. 1317*m*—4, Stats. 1911), relating to improvement of highways.

2. Where the power to remove officers is conferred upon an administrative tribunal which, either expressly or by fair implication, is empowered to hear evidence and determine the existence of facts which are cause for such removal, the proceeding is *quasi*-judicial and due process of law is required.

3. By sec. 976, Stats., the power to remove town officers is conferred upon the circuit judge, not as a court, but as an administrative officer, and such power is to be exercised by *quasi*-judicial action.

4. Under sec. 8, art. VII, Const., all tribunals acting in a *quasi*-judicial capacity are subject to the jurisdiction of the circuit court.

. 5. The circuit court may properly issue its writ of *certiorari* to the judge of that court to review his *quasi*-judicial action in removing a town officer, and the judgment of the circuit court thereon may be reviewed in the supreme court on appeal.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Morgan & Benton,* and oral argument by *J. J. Morgan.*

For the respondent there was a brief by *Julius P. Frank,* and oral argument by *A. M. Spencer.*

TIMLIN, J. Proceeding under sec. 976, Stats. 1913, the circuit judge removed the relator from his office as chairman of the board of supervisors of the town of Grand Chute, Outagamie county, because *Mr. Ballard* had refused to levy a tax of $4,800 upon the taxable property of his town pursuant to the provisions of ch. 337, Laws of 1911, otherwise sub. 3 of sec. 1317m—4, Stats. 1911. Sec. 976 confers upon the circuit judge as contradistinguished from the circuit court certain administrative and *quasi*-judicial powers, to be exercised either during term time or vacation, for the purpose of removing town officers for cause and upon charges, notice, and hearing. The circuit court issued a writ of *certiorari* to the judge of that court to review the above decision, and from a judgment of the circuit court affirming on *certiorari* the order of the circuit judge this appeal is taken. The proceedings for removal returned pursuant to the writ show that the sole cause for removal was a refusal of *Mr. Ballard* to proceed under sub. 3, *supra.* After the order removing *Mr. Ballard,* the statute which he refused to obey, sub. 3 of sec. 1317m—4, otherwise known as ch. 337, Laws of 1911, was by this court declared unconstitutional in *State ex rel. Carey v. Ballard,* 158 Wis. 251, 148 N. W. 1090. The statute was there held invalid because, while leaving the administration of highway affairs and the raising of highway taxes with the town, it at-

tempted to confer upon private citizens, who would put up a sum of money for the privilege, power to fix the amount and compel the levy of a tax and direct its expenditure. There was therefore no ground shown in the charges or evidence for the removal of *Mr. Ballard.* An unconstitutional law imposes no enforceable legal duty, but the duties of the office remain defined by existing valid laws and as if such unconstitutional law had never been enacted. *Barling v. West,* 29 Wis. 307, 314; *Campbell v. Sherman,* 35 Wis. 103; *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885; *Norton v. Shelby Co.* 118 U. S. 425, 6 Sup. Ct. 1121.

Appellant contends that the removal of an officer is an administrative act. This is too broadly stated. It may be and it may not be, depending upon the kind of office and the kind of the tribunal by which the power is exercised and the statute prescribing the procedure for removal. No one would contend that removal from office by *quo warranto* or by impeachment is an administrative act. Generally speaking, proceedings to remove municipal officers are administrative. The legislature may in the absence of constitutional restriction confer the power of removal of officers upon an administrative tribunal. Express statute may provide for summary removal without charges and without hearing. But the statute may require the *quasi*-judicial action of an administrative tribunal in order to remove, as where the statute expressly or by fair implication confers upon such tribunal the power and duty to hear evidence and determine the existence of facts which are cause for such removal. In the latter case the requirement of due process of law obtains. *Ekern v. McGovern,* 154 Wis. 157, 142 N. W. 595; *Schiltz v. Roenitz,* 86 Wis. 31, 56 N. W. 194; McGehee, Due Process of Law, 28–30, 162, 164. The removal provided for in sec. 976, Stats. 1913, is of the latter class. Administrative powers are conferred upon the circuit judge, not as a court, but as an administrative officer, such powers to be exercised by him by *quasi*-judicial action. All

tribunals so acting in a *quasi*-judicial capacity are subject to the jurisdiction of the circuit court.    Sec. 8, art. VII, Const. It was therefore proper procedure for the circuit court to issue its writ of *certiorari* to the judge of that court to review the *quasi*-judicial action of the latter.    The question presented is therefore properly before this court, and, the removal of *Mr. Ballard* having been without legal or justifiable cause, the judgment of the circuit court affirming the order of the judge is reversed, and the cause remanded with directions to the circuit court to reverse such order of the judge and dismiss the proceedings, with costs against the petitioner for removal.

*By the Court.*—It is so ordered.