LIEBMANN PACKING COMPANY, Respondent, v. INDUSTRIAL COMMISSION, Appellant: KACMARYNSKI, Defendant.

*March 30—April 27, 1965.*

336

338

For the appellant Industrial Commission there was a brief by *Arnold J. Spencer,* chief counsel of the unemployment compensation division, and *Ralph E. Kline of* Madison, and oral argument by *Mr. Spencer.*

For the respondent there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds.*

HEFFERNAN, J.    The question is whether there was credible evidence by which the trial court could have sustained the findings of the commission that the employee was not discharged for "misconduct" as defined in sec. 108.04 (5), Stats.

The findings of fact of the commission are conclusive on this court if there is any credible evidence which, if unex-

plained, would support the findings. *Marathon Electric Mfg. Corp. v. Industrial Comm.* (1955), 269 Wis. 394, 69 N. W. (2d) 573, 70 N. W. (2d) 576; *Carr v. Industrial Comm.* (1964), 25 Wis. (2d) 536, 131 N. W. (2d) 328.

The court is not bound by the commission's determination of a question of law. *Gregory v. Anderson* (1961), 14 Wis. (2d) 130, 138, 109 N. W. (2d) 675; *Cheese v. Industrial Comm.* (1963), 21 Wis. (2d) 8, 15, 123 N. W. (2d) 553; *Milwaukee Transformer Co. v. Industrial Comm.* (1964), 22 Wis. (2d) 502, 510, 126 N. W. (2d) 6.

When the question of fact concerns a person's acts or his intent in doing such acts, and the evidence and reasonable inferences therefrom would support any one of two or more findings, a finding by the commission is conclusive. *Cheese v. Industrial Comm., supra,* at page 15.

Sec. 108.04 (5), Stats., provides that an employee's eligibility ". . . shall be barred for any week of unemployment completed after he has been discharged by the employing unit for misconduct connected with his employment . . . ." "Misconduct" was defined in *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 259, 296 N. W. 636, as that which evinces:

". . . such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer."

This definition was recently approved in *Milwaukee Transformer Co., supra,* at page 511.

The trial court, in its memorandum opinion, referred to these basic rules, but in its opinion used the following language:

"... the clear preponderance of the evidence submitted by the employer ... showed that in the last year and one-half of his employment, the claimant showed a wilful disregard of his obligations and duties to his employment and a disrespect to his superiors."

Another excerpt from the trial court's opinion is as follows:

"From the foregoing it would appear that a reviewing Court has a very limited power and must confine itself to errors in respect to legal determinations made by the Commission. This Court is of the opinion that it is not so limited. If it were so, the legislature would have so provided. Where the Commission's findings are made contra to a clear preponderance of the *credible* evidence or based on illogical or unreasonable inferences from such evidence, can it be said that a reviewing Court is powerless to act and grant relief? The answer is no."

In the above statement of the circuit judge it appears that he is using the test of "preponderance of the credible evidence" as the burden of proof necessary to sustain the findings of the commission. This is not the test that has heretofore been recognized by this court. All that is required is "any credible evidence, if unexplained ..." It is the conclusion of this court, after a review of the record, that there is credible evidence to sustain the findings of the commission. The evidence may be conflicting. The preponderance of the credible evidence may, in the view of an appellate court, be contrary to the findings of the commission; yet, pursuant to well-established principles of administrative law, these findings will not be set aside. Undoubtedly, ambiguous conclusions can be reached on the basis of the evidence herein, but if the evidence and the reasonable inferences drawn therefrom support the findings of the commission, a court is not at liberty to set those findings aside.

The incidents and the evidence upon which the employer relies permit a reasonable inference that the employee's actions were not "misconduct" as contemplated by the statute.

There is evidence by the company to show that the employee "sneered" when his employer reprimanded him for failure to work at the rate expected, but there is also evidence that the sneer was a laugh of embarrassment; and, accordingly, the commission might, on the basis of the evidence, reasonably have found that the action of the employee was not misconduct.

All of the other incidents cited by the employer can be explained on the basis of the evidence as actions not amounting to misconduct.

The failure to move six quarters, as the employer demonstrated, could be construed as a failure to meet an optimum, but not necessarily as a wilful failure to meet a mandatory standard.

The employee was reprimanded for talking with others, but there was evidence that this was a not unusual occurrence, and there was no evidence that this alone was considered to be misconduct. The time "wasted" in transferring from shackling calves to working on the killing floor was explained by evidence showing that he had to change clothes. There was evidence denying that the employee laughed, sang, or sneered when he was reprimanded. Without detailing all of the grounds of misconduct relied upon by the employer, it appears from the evidence that all of the incidents can be explained by evidence from which the reasonable inference can be drawn that the employee was not guilty of misconduct in the statutory sense.

This is not to say that the discharge itself was improper; this is a matter within the reasonable discretion of the management. In this matter we are concerned only with the

eligibility for unemployment compensation, and we conclude that the trial court was in error in reversing the findings of the commission. There is credible evidence to support its findings. The legislature has made the policy decision that unless the discharge is for "misconduct," an employee must be compensated. See discussion of legislative policy in *Cheese v. Industrial Comm., supra,* at page 16.

*By the Court.*—Judgment reversed.

HALLOWS, J. (*dissenting*). To me, the inferences drawn by the Industrial Commission in rejecting the findings of its examiner are unreasonable and without support in the evidence. Consequently, the Industrial Commission is without power to make such findings. Only one reasonable inference can be drawn from the evidentiary facts as a matter of law and that is the employee was guilty of misconduct as that term is used in the statute. The evidence is compelling that the employee's conduct evinced a wilful and wanton disregard of the standards of behavior which the employer had a right to expect and which was in violation of the employee's duty to his employer.

This is not a case of whether there is credible evidence, sufficient evidence, some evidence, or just evidence, to sustain the findings. On review of an award of the Industrial Commission under sec. 108.09 (7), Stats., we are confined to questions of law unless the findings of fact are not within the power of the commission to make or are a result of fraud. An award is not within the power of the Industrial Commission to make if it is based on speculation and conjecture or does not have evidence to sustain it. *Hills Dry Goods Co. v. Industrial Comm.* (1935), 217 Wis. 76, 258 N. W. 336. Evidence to sustain the award need not constitute the preponderance of the evidence. It is misleading to state that the "some credible evidence" rule applies to an award of the Industrial Commission because we review the evidence for

the purpose of determining whether the Industrial Commission had power to make the award, while in reviewing a jury's verdict we examine the evidence not in respect to power but in respect to the quantum of proof necessary to sustain the award on its merits.

In this case I believe the evidence presented only a question of law which the Industrial Commission erroneously decided.