Carl RUCKER, Plaintiff-Appellant,

V.

WISCONSIN DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS, Wisconsin Labor & Industry Review Commission, and Higher Educational Aids Board, Defendants-Respondents.†

Court of Appeals

*No. 80–781. Submitted on briefs December 18, 1980.—Decided February 24, 1981.*
(Also reported in 304 N.W.2d 169.)

† Petition to review denied.

286

For the plaintiff-appellant the cause was submitted on the briefs of *Curry First* and *Perry, First, Reiher & Lerner, S.C.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *James L. Pflasterer,* legal staff director, and *Earl G. Buehler* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The employee has appealed from a judgment affirming the decision of the Labor and Industry Review Commission. The commission ruled that appellant was ineligible for unemployment benefits based on his employment. We affirm.

Appellant was discharged by the employer in March 1977 and filed a claim for unemployment benefits. April 8, 1977 a Department of Industry, Labor and Human Re-

lations (DILHR) deputy initially determined that appellant was eligible for benefits because it was not established that he was discharged for misconduct connected with his employment. Section 108.09 (2r), Stats., provides that a party to that determination may request a hearing on the determination "if such request is made in accordance with procedure prescribed by the department and is received by the department within 14 days after a copy of the determination was duly mailed or given to such party, whichever first occurs." April 22, 1977 was the fourteenth day.

April 21, 1977 the employer mailed a request for hearing to the department. That request was not received until April 25, 1977. April 22, 1977 the secretary to the employer's personnel manager took a copy of the request to a DILHR office in Madison.

A hearing on the timeliness of the employer's request for hearing was held May 19, 1977 by a departmental appeal tribunal, which consists of one examiner. Sec. 108.09 (4), Stats. June 16, 1977 the tribunal consisting of a second examiner heard testimony on the timeliness issue and the misconduct issue and July 26, 1977 the same examiner heard more evidence on the misconduct issue. The two examiners signed a decision as the tribunal, finding that the request mailed April 21, 1977 was untimely but that April 22, 1977 the employer's secretary gave a copy of the request to an administrative secretary of the Job Service Division of DILHR in Madison, that the copy was lost and never recovered, and that the request was timely filed within the meaning of sec. 108.09 (2r), Stats., and sec. Ind-UC 140.01, Wis. Adm. Code.[1] The second examiner signed a separate decision as the tribunal, finding that appellant had been dis-

[1] Section Ind-UC 140.01 (1), Wis. Adm. Code, specifies that DILHR office where the request for hearing must be filed.

charged for misconduct in connection with his employment and denying benefits.

After appellant sought review under sec. 108.09(6), Stats., of the tribunal's decision by the commission, the second examiner sent a memorandum to the commission. The memorandum is part of the record. The memorandum stated that an allegation in appellant's petition for review was ludicrous, referring to a claim that the examiner did not allow appellant to state his case fully. The memorandum also stated that appellant had occasionally been a nonresponsive witness, especially on cross-examination, and that the examiner continuously had to remind him to be responsive to the question. The memorandum described specific contradictions in appellant's testimony and concluded that his credibility had been damaged.

The commission found that the tribunal's findings of fact and conclusions of law were supported by the record and affirmed the tribunal's decision. Appellant commenced an action for judicial review of the commission's decision under secs. 102.23(1) and 108.09(7), Stats. The circuit court affirmed the commission's decisions.

Appellant raises three issues:

1. Is due process denied if an examiner communicates to the commission regarding the employee's contentions and credibility where the employee does not receive a copy of the communication and a chance to rebut it?

2. Is the finding that the employer's request for hearing was timely filed supported by credibile evidence?

3. Is due process denied if two examiners separately hear part of the evidence on an issue and join in the finding of fact on the issue?

### 1. *Memorandum To Commission*

The case law establishes that a memorandum by a hearing examiner to the commission regarding the cred-

ibility of witnesses is permissible. Due process requires that the commission have the benefit of the examiner's personal impressions of the material witness before rejecting the examiner's recommendations. *Hamilton v. ILHR Dept.*, 94 Wis.2d 611, 621, 288 N.W.2d 857, 861 (1980). The commission must consult of record with the examiner "to glean his impressions of the credibility of witnesses." *Carley Ford, Lincoln, Mercury v. Bosquette*, 72 Wis.2d 569, 575, 241 N.W.2d 596, 599 (1976). The record must affirmatively show that the commission had the benefit of the examiner's impressions. *Braun v. Industrial Comm.*, 36 Wis.2d 48, 57, 153 N.W.2d 81, 85 (1967).

Appellant nevertheless insists that the memorandum is a prohibited ex parte communication made during an appeal from the tribunal to the commission. He contends that due process requires that the memorandum be submitted to the parties with the opportunity to rebut it.

### A. *Communication By Examiner Permitted*

It would be improper for a trial court to comment privately to an appellate court on the credibility of a witness in a case on appeal. The communication would violate the Code of Judicial Ethics, SCR 60.01(10), which provides, "A judge should not permit private interviews, arguments, briefs or communications designed to influence his or her decision." Appellant asserts that an undisclosed credibility memorandum from the tribunal to the commission is improper for the same reason. Intra-agency review and judicial review are not, however, analogous processes.

It is for the trial courts and not appellate courts to weigh the evidence in dispute and to determine the credibility of witnesses. *Wurtz v. Fleischman*, 97 Wis.2d 100, 107, 293 N.W.2d 155, 159 (1980); *Cogswell v.*

*Robertshaw Controls Co.*, 87 Wis.2d 243, 249, 274 N.W. 2d 647, 650 (1979).

The commission's review includes a factfinding function.[2] Section 108.09 (6) (b), Stats., provides that the commission "may affirm, reverse, change, or set aside the appeal tribunal decision, on the basis of the evidence previously submitted in such case or it may order the taking of additional evidence as to such matters as it may direct and thereafter make its findings and decision." No limitation is placed on the scope of the commission's review of the tribunal's findings of fact.

In contrast to the unlimited scope of review granted to the commission, sec. 108.09 (7) (b), Stats., provides, in relevant part, that judicial review of the decision by the commission is "confined to questions of law, and the provisions of ch. 102 with respect to judicial review of orders and awards shall likewise apply to any decision of the commission reviewed under this section." Section 102.23 (6), Stats., prohibits the court from substituting "its judgment for that of the commission as to the

[2] *See Universal Foundry Co. v. ILHR Department*, 86 Wis.2d 582, 273 N.W.2d 324 (1979), in which the commission on a review pursuant to sec. 108.09 (6), Stats., had determined that the evidence supported the appeal tribunal's finding of fact. The supreme court said, "The *Commission's* findings of fact will not be disturbed on judicial review if supported by credible evidence on the record as a whole," citing *R. T. Madden, Inc. v. ILHR Dept.*, 43 Wis.2d 528, 547–48, 169 N.W.2d 73, 82 (1969), a worker's compensation case. 86 Wis.2d at 588, 273 N.W.2d at 327 (emphasis added). The scope of review by the commission under sec. 108.09 (6) was not, however, decided by the court. *See also Liebmann Packing Co. v. Industrial Comm.*, 27 Wis.2d 335, 338, 134 N.W.2d 458, 459 (1965), in which the commission made findings of fact reversing the findings made by the appeals tribunal in an unemployment compensation case. The court stated that the issue on review was whether there was credible evidence to support the findings of the commission.

weight or credibility of the evidence on any finding of fact."

The commission when reviewing a tribunal decision makes the tribunal's findings of fact those of the commission when it affirms the tribunal and rejects or modifies those findings when it takes other action under sec. 108.09(6), Stats. Because appellate courts do not make findings of fact by the trial court those of the appellate court, the analogy by which appellant would invalidate an ex parte communication by an examiner to the commission is faulty and is rejected.[3]

### B. *Due Process Not Violated*

Three factors must be balanced to determine the specific dictates of due process:

[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Because there is little risk of erroneous deprivation under the present procedure and because the probable value of appellant's proposed procedural safeguards is minimal, the requirements of due process are adequately met.

Failure to submit a credibility memorandum to the parties does not increase the possibility that the com-

---

[3] The examiner's comment to the commission that appellant had made a "ludicrous" allegation was improper. It converted the role of the examiner to that of a post-hearing advocate. It had nothing to do with credibility. The expertise of the commission noted in the next part of this opinion saves the error from creating bias.

mission will be biased. The commissioners are expert triers of fact able to protect themselves against improper bias. *General A. F. & L. Assur. Corp. v. Industrial Comm.*, 223 Wis. 635, 652–53, 271 N.W. 385, 392 (1937). The commission must have but is not bound by the hearing examiner's impressions of witness credibility. *Hamilton*, 94 Wis.2d at 621, 288 N.W.2d at 861–62.

Appellant argues that an undisclosed credibility memorandum denies the parties the opportunity to know all the issues the agency is considering and that it denies the parties the opportunity to present information bearing on those issues. We disagree. Credibility is always an issue. Where the resolution of disputed facts must be resolved on the basis of conflicting testimony, the parties know that without having to be told.

Appellant had to know that his credibility was an issue which pervaded the proceeding. He was accused, in effect, of giving inaccurate information to his employer and using a state telephone credit card for personal purposes. He denied the accusations. There was substantial conflict between his testimony and that of other witnesses. The record contains several occasions when the examiner admonished appellant to respond to the question. At one point the examiner told appellant he was "being evasive."

Appellant argues that undisclosed credibility memoranda hamper judicial review by not disclosing the basis for the agency's decision, citing *Home Box Office, Inc. v. F. C. C.*, 567 F.2d 9, 54–55 (D.C. Cir. 1977). In that case, the court said:

[W]here . . . an agency justifies its actions by reference only to information in the public file while failing to disclose the substance of other relevant information that has been presented to it, a reviewing court cannot presume that the agency has acted properly, but must treat the agency's justifications as a fictional ac-

count of the actual decision-making process and must perforce find its actions arbitrary. (Citations omitted.)

*Home Box Office* involved ex parte communications to an administrative agency by parties interested in a rulemaking proceeding. The communications affected judicial review creating the possibility that the rules may have been the result of compromise among the contending industry forces rather than the exercise of the independent discretion by the agency. 567 F.2d at 53. An examiner's undisclosed credibility memorandum pertains only to the commission's choice between competing facts. Judicial review of the commission's factual findings is limited to whether the findings are supported by credible and substantial evidence. Sec. 102.23(6), Stats. The commission's use of a credibility memorandum does not affect judicial application of that standard of review.

We conclude that use of the credibility memorandum did not violate appellant's right to due process.

### 2. *Hearing Request Timely*

The commission inferred from evidence in the record that the employer's hearing request was timely received by DILHR and was subsequently lost. Appellant argues that the commission should have inferred that the employer never tendered the request.

Where different inferences may be drawn, the commission's choice of one inference is an act of factfinding which, if supported by credible evidence, is conclusive on review. *Vocation. Tech. & Adult Ed. Dist. v. ILHR Dept.*, 76 Wis.2d 230, 240, 251 N.W.2d 41, 46 (1977). Credible evidence is of record to support the commission's inference: the employer's secretary testified that

she delivered the request to DILHR April 22, 1977. The commission's finding that the appeal was timely must stand.[4]

### 3. *Participation By Two Examiners On Timeliness Issue*

Appellant argues that it was improper for two examiners to conduct the hearings because "examiner" is singular in sec. 108.09, Stats., and "hearing officer" is singular in sec. Ind-UC 140.05, Wis. Adm. Code, which prescribe the hearing procedure. In construing the laws of this state, the singular includes the plural unless the result is inconsistent with the legislature's manifest intent. Section 990.001(1), Stats. Nothing has been brought to our attention which indicates that the use of two examiners is inconsistent with the legislative intent.

Testimony may be heard by two or more examiners, each hearing a portion of the testimony and all joining in the final findings of fact. That has been the law as to worker's compensation hearings since possibly as early as 1939, *State ex rel. Madison Airport Co. v. Wrabetz*, 231 Wis. 147, 285 N.W. 504 (1939), and no later than 1960. *Fitz v. Industrial Comm.*, 10 Wis.2d 202, 102 N.W.2d 93 (1960) ; *Wright v. Industrial Comm.*, 10 Wis.2d 653, 103 N.W.2d 531 (1960). We see no reason why DILHR, which administers both worker's compensation and unemployment compensation, may not utilize two or more examiners when hearing unemploy-

---

[4] Appellant also argues that the request was untimely because it was received in the hallway outside the unemployment compensation office and was not stamped with the date. Section 108.09 (2r), Stats., does not preclude an otherwise proper delivery being made in a hallway and does not require that the request be stamped with the date of receipt.

ment compensation cases, unless expressly prohibited by statute. No such prohibition exists.

An appellate court may, in a proper case, invoke the presumption of regularity and assume, in the absence of contrary evidence, that the examiners adequately informed each other of the nature of the material testimony given at the hearings. *Compare State ex rel. Cities S. O. Co. v. Bd. of Appeals,* 21 Wis.2d 516, 541, 124 N.W.2d 809, 822 (1963) (presumption invoked where one of five board members was absent from part of meetings). This is a proper case to invoke that presumption which, indeed, underlies the case law that due process is not denied by the use of different examiners in a worker's compensation case. Appellant has failed to rebut the presumption of regularity.

*By the Court.*—Judgment affirmed.