Fred BUTZLAFF and Ruth Butzlaff, Plaintiffs-Appellants,

v.

VAN DER GEEST & SONS, INC., and Ralph Erdman,
Defendants-Respondents.

Court of Appeals

No. 82–1507. Submitted on briefs July 26, 1983.—
Decided October 11, 1983.
(Also reported in 340 N.W.2d 742.)

For the appellants the cause was submitted on the brief of *Alan D. Eisenberg, S.C.*, of Milwaukee.

For the respondents the cause was submitted on the brief of *Kelley, Weber & Pietz, S.C.*, and *Richard J. Weber* of Wausau.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Fred and Ruth Butzlaff appeal a judgment dismissing their complaint for damages incurred as a result of Ralph Erdman seizing their horses under ch 173, Stats.[1] The Butzlaffs argue that their horses were

---

[1] Chapter 173, Stats., provides, in part:

173.01 Animals distrained; proceedings. The owner or occupant of any lands may distrain any beast doing damage on his premises, either while upon the premises or upon immediate pursuit of the beasts escaping therefrom and before returning to the enclosure of or to the immediate care of the owner or keeper, and may keep the beasts upon his premises or in some public pound in his town, city or village until his damages are appraised. If the owner of the beasts is known to the person distraining . . . the person distraining shall give a written notice to the owner within 24 hours, . . . specifying therein the time when and the place where distrained, the number of beasts and the place of their detention, and that at a time and place, which shall not be less than 12 hours after the serving of the notice nor more than 3 days after such distress, he will apply to the town chairman, . . . for the appointment of 3 disinterested freeholders of the town, . . . to appraise the damages;

173.02 Appraisement. Such freeholders shall be immediately

seized pursuant to an unconstitutional statute and that they are entitled to actual and punitive damages as a result of the seizure. Because the Butzlaffs would not be entitled to damages from the respondents even if the challenged law were declared unconstitutional, we affirm.

The trial court's factual findings are not challenged. The Butzlaffs failed to properly maintain a portion of a fence on the border of their property and Erdman's. Four of the Butzlaffs' horses crossed this portion of

notified and shall immediately repair to the place and view the damages done, and they may take evidence of any witnesses of the facts and circumstances necessary to enable them to ascertain the extent of such damages and the sufficiency of any line fence on the premises where such damage was done, if any dispute shall arise touching the same, and for such purpose may administer oaths to such witnesses. They shall certify under their hands the amount of such damages and the cost of keeping such beasts to that time.

173.03 Impounding; care; expense. Unless the damages so ascertained, together with the fees of the appraisers and chairman, president or mayor, have been paid within 24 hours after the appraisal the person distraining shall cause the beasts distrained to be put into the nearest pound of the same town, city or village, if there is one, and if not, then in some secure enclosure, where they shall remain until sold as hereinafter directed, or until the damages, fees and the costs of keeping the beasts after appraisal are paid or until otherwise seized or discharged according to law. The beasts shall be furnished with suitable food from the time of seizure until discharged therefrom or sold; and the expense thereof, after the appraisal, shall be added thereto and paid as additional costs; and if the beasts are put in a pound the certificate of appraisal shall be delivered to the keeper of the pound.

. . . .

173.06 Proceeds of sale. From the proceeds of the sale the person making it shall retain his fees which shall be the same as are allowed to constables upon sales of personal property on execution, and the cost of keeping the beasts; and he shall pay to the person who distrained the beasts the damages so certified, with the fees of the appraisers and chairman, president or mayor, and pay the surplus, if any, to the owner of the beast, if known.

fence onto Erdman's property and damaged his corn and hay crops. Pursuant to ch. 173, Erdman held the horses, mailed notice to the Butzlaffs, and applied to the town chairperson for appointment of three disinterested freeholders of the town to appraise the damage done by the horses. The horses were transferred to Van Der Geest & Sons, Inc., a livestock dealer, to be kept until damages were paid or the horses could be sold under ch. 173. The Butzlaffs then filed suit and recovered their horses after posting the damages with the circuit court.

The Butzlaffs' only claim on this appeal[2] is that they are entitled to actual and punitive damages from Erdman and Van Der Geest because they acted under an unconstitutional statute to deprive the Butzlaffs of property without notice or opportunity for hearing in violation of their civil and due process rights. The trial court denied the Butzlaffs' motion for an order to declare ch. 173 unconstitutional. Before addressing the constitutionality of ch. 173, we must determine whether the Butzlaffs would be entitled to damages from Erdman and Van Der Geest if the law is invalid. This court will not decide a constitutional issue if another issue can dispose of the appeal. *Grogan v. PSC,* 109 Wis. 2d 75, 77, 325 N.W.2d 82, 83 (Ct. App. 1982).

We conclude that the Butzlaffs would not be entitled to recover damages from Erdman and Van Der Geest. Wisconsin appellate courts have never decided whether private parties can be held liable for exercising rights and following procedures provided by statutes that are later declared unconstitutional. The supreme court has

---

[2] The complaint also demands return of the horses alleged to be wrongfully detained. The allegation is apparently based on the Butzlaffs' argument that the ch. 173, Stats., seizure was a violation of their due process rights. Since the Butzlaffs have recovered their horses, this issue is moot.

in the past treated unconstitutional statutes as if they had never existed. *See State ex. rel. Commissioners of Public Lands v. Anderson,* 56 Wis. 2d 666, 672, 203 N.W.2d 84, 87 (1973); *State ex rel. Martin v. Zimmerman,* 233 Wis. 16, 21, 288 N.W. 454, 457 (1939); *State ex rel. Kleist v. Donald,* 164 Wis. 545, 552–53, 160 N.W. 1067, 1070 (1917); *State ex rel. Ballard v. Goodland,* 159 Wis. 393, 395, 150 N.W. 488, 489 (1915); *Bonnett v. Vallier,* 136 Wis. 193, 200, 116 N.W. 885, 887 (1908). Those cases, however, did not address the question of whether private parties should risk liability for acting pursuant to statutes that might later be declared unconstitutional. In addition, the cases were based on an interpretation of *Norton v. Shelby County,* 118 U.S. 425, 442 (1886), that an unconstitutional law must be treated as if it had never been passed. *See Kleist,* 164 Wis. at 552–53, 160 N.W. at 1070; *Ballard,* 159 Wis. at 395, 150 N.W. at 489; *Bonnett,* 136 Wis. at 200, 116 N.W. at 887. The federal courts do not follow this interpretation. *See Linkletter v. Walker,* 381 U.S. 618 (1965); *Wainwright v. National Dairy Products Corp.,* 304 F. Supp. 567, 572–73 (N.D. Ga. 1969). Seven circuit courts of appeal now follow the rule that, absent malice or bad faith, damages cannot be recovered for a violation of civil rights from private parties acting pursuant to a statute presumed valid at the time. *See Hollis v. Itawamba County Loans,* 657 F.2d 746 (5th Cir. 1981); *Welsh v. Kinchla,* 577 F.2d 767 (1st Cir. 1978), *cert. denied,* 439 U.S. 983 (1978); *G.H. McShane Co. v. McFadden,* 554 F.2d 111 (3rd Cir. 1977), *cert. denied,* 434 U.S. 857 (1977); *Louisville Area Inter-Faith Committee for United Farm Workers v. Nottingham Liquors, Ltd.,* 542 F.2d 652 (6th Cir. 1976); *Guzman v. Western State Bank,* 540 F.2d 948 (8th Cir. 1976); *Tucker v. Maher,* 497 F.2d 1309 (2d Cir. 1974), *cert. denied,* 419 U.S. 997

(1974) ; *Rios v. Cessna Finance Corp.*, 488 F.2d 25 (10th Cir. 1973). None have expressly rejected it.

Sound public policy supports adoption of the rule that, absent bad faith, individuals should not be liable for damages for acting pursuant to a statute later declared invalid. "Citizens and public officials have a right to accept the law as it is written until it is repealed or judicially condemned. They are not required to speculate upon the validity of a statute or to act under it at their peril." *Downs v. Jacobs*, 272 A.2d 706, 707 (Del. 1970). The Delaware Supreme Court in *Downs* held that a tenant was not entitled to recover damages from a landlord who seized the tenant's personal property for nonpayment of rent under a statute challenged by the tenant as unconstitutional. *Id.* at 707–08. The Arizona Supreme Court has stated that to hold a citizen liable for exercising rights under a statute later declared unconstitutional "would not only fail to recognize the prerogative of the legislature in the statutory field . . . but would result in grave injustice to those citizens who acted in response thereto." *Shreve v. Western Coach Corp.*, 540 P.2d 687, 690 (Ariz. 1975). We believe that requiring citizens to exercise statutory rights at the risk of personal liability would invite disrespect for the law and diminish its value to our society.

We recognize that people such as the Butzlaffs may suffer damage through the application of statutes that may be unconstitutional. A determination of constitutionality of ch. 173, however, can only be made in a case where the aggrieved party remains deprived of his or her property. Where, as here, the property has been returned, there is no remaining due process controversy. For repeal of a statute that no longer deprives them of property, the Butzlaffs must look to the legislature.

We therefore hold that Erdman and Van Der Geest are not liable for damages to the Butzlaffs. Although the Butzlaffs at trial advanced a theory that Erdman and his sons may have deliberately taken the Butzlaffs' horses onto the Erdman property, there was sufficient evidence for the trial court to find that the Butzlaffs failed to prove the allegations of their complaint. We will not impute bad faith to Erdman when the trial court's findings indicate otherwise. It is the trial court, not the appellate courts, that must weigh the evidence and determine the credibility of witnesses. *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107, 293 N.W.2d 155, 159 (1980); *Rucker v. DILHR,* 101 Wis. 2d 285, 290, 304 N.W.2d 169, 172–73 (Ct. App. 1981). Since Erdman and Van Der Geest acted in good faith under ch. 173, which had not been declared unconstitutional, they cannot be liable for damages to the Butzlaffs.

*By the Court.*—Judgment affirmed.