# STATE EX REL. MICHAEL MEGNELLA v. JOHN R. MEINING.[1]

## May 19, 1916.

## Nos. 19,686—(86).

**City of Duluth — power of council to pass ordinance after referendum.**

1. When, under the charter of the city of Duluth, a sufficient referendum petition, protesting against an ordinance, is presented to the city council, and the ordinance is repealed, the council cannot pass the same ordinance again, or one like it in all essential features, but it may pass an ordinance on the same subject matter, providing it acts in good faith and not for the purpose of evading the referendum provisions of the charter, and providing the new ordinance differs from the old in essential features.

**Same—construction of second ordinance.**

2. The second ordinance in this case differs in essential and important particulars from the one protested against by the referendum petition. There is no evidence that the council in passing it acted in bad faith or with intent to evade the charter provisions, and the ordinance was valid.

Upon the relation of Michael Megnella the district court for St. Louis county granted its writ of *habeas corpus* directed to John R. Meining as sheriff of that county. The facts are stated in the opinion. The matter was heard before Fesler, J., who remanded relator to the custody of the sheriff. From the order of remand, relator appealed. Affirmed.

*A. E. McManus,* for appellant.

*John E. Samuelson* and *Leonard McHugh,* for respondent.

BUNN, J.

Michael Megnella appeals to this court from an order of the district court of St. Louis county remanding him to the custody of the sheriff after a hearing under a writ of *habeas corpus.* Megnella was imprisoned

[1]Reported in 157 N. W. 991.

Note.—On the regulation of jitney busses see notes in L.R.A. 1915 F, 84; L.R.A. 1916B, 1156.

under a warrant of the municipal court of Duluth on a charge of operating an automobile as a common carrier for hire without first obtaining a permit, in violation of an ordinance of the city passed September 13, 1915. The question is as to the validity of this ordinance. The essential facts are as follows:

On May 17, 1915, the council passed an ordinance attempting to regulate the business of carrying passengers for hire by auto-cars. It was approved by the mayor May 19, published May 20, and by the terms of the Duluth charter would go into effect and be in force 30 days after its publication, unless in the meantime a sufficient referendum petition was presented. June 18 a referendum petition was presented, but was insufficient because not signed by the required number of voters. July 8, more than 30 days after the publication of the ordinance, the names of sufficient voters were added to the petition to make the total number of signers sufficient. The charter provides that if, during the 30 days after the ordinance is published, a petition signed by at least 10 per cent of the qualified electors of the city, protesting against the passage of the ordinance, is presented to the council, it shall be suspended from going into operation; if not repealed by the council, it is to be submitted to a vote of the electors of the city, and be operative only if it receives a majority vote. On September 13, 1915, the council repealed the ordinance, and thereafter, at the same session, passed the ordinance, the validity of which is involved in this appeal.

We will assume, without so deciding, that the insufficient referendum petition could be amended after the 30 days allowed by the charter in which to present a referendum petition to the council. We express no opinion on this question.

On the assumption that the referendum petition was sufficient, the May ordinance was suspended. The council could repeal it, and did so on September 13. We think it is correct that the council could not then give life to the dead ordinance by passing it over again, or by passing an ordinance in all essential features like the one against which the petition protested. This would plainly be to nullify the referendum provisions of the charter. But it is equally clear that the council is not prevented from legislating on the subject matter of the dead ordinance. It doubtless may, if it acts in good faith and with no intent to evade the

effect of the referendum petition, pass an ordinance covering the same subject matter that is essentially different from the ordinance protested against, avoiding perhaps, the objections made to the first ordinance.

As we view the case there is but one question that requires any discussion, the question on which the case was determined by the trial court, and which was argued orally in this court. It is this: Is the ordinance for violation of which Megnella was imprisoned different in any essential features from the ordinance against which the referendum petition was filed? Other questions were presented by the briefs, but we decide, as we understood counsel for appellant to frankly concede on the argument, that none of the other claims made against the validity of the ordinance can be sustained.

The two ordinances are much alike and necessarily so, as each was directed to remedy the same supposed evil, the "jitney" situation on the streets of Duluth. But we have no difficulty in agreeing with the trial court that there are essential points of difference, and that there was no attempt to evade the referendum provisions of the charter. We mention but one of these points of difference. The first ordinance required as a condition precedent to the issuance of a permit a liability insurance bond issued by a "reliable insurance company," which was to cover injuries to persons; the second ordinance permitted a bond of an insurance company, or "association," holding a license to do an indemnity insurance business in the state, and provided that it should cover injuries to property as well as to persons. It appears that there is an "association" licensed to do business that issues indemnity policies or bonds at premiums that are much less than the regular companies, and further that the cost of obtaining these bonds under the first ordinance was one of the principal objections to it, and that the new ordinance was satisfactory in this respect to those who had protested against the old one. There are various other points of difference, of varying importance, but they need not be mentioned. We hold that the ordinance for violation of which the appellant was committed was valid.

Order affirmed.