[Civ. No. 3964. Fourth Dist. Aug. 19, 1949.]

H. L. GILBERT et al., Appellants, v. GUY B. ASHLEY, as City Clerk, etc., et al., Respondents.

Kenneth C. Wiseman for Appellants.

Colin M. Gair, City Attorney, Gray, Cary, Ames & Driscoll and John M. Cranston for Respondents.

MUSSELL, J.—Plaintiffs have appealed from a judgment rendered against them in an action to enjoin the city clerk, the chief of police and the city council of the city of Escondido from enforcing a business license ordinance, known as ordinance No. 409. Plaintiffs contend that this ordinance

is void because it is substantially a reenactment of a previously enacted ordinance, No. 385, which was defeated by the voters of the city at a referendum election.

Ordinance No. 385 was adopted and passed by the city council on June 25, 1947, and by its terms was made effective on and after August 1st, of that year. A referendum petition was circulated, and, pursuant thereto, an election was held on April 13, 1948, at which time the ordinance was defeated.

On December 15, 1948, ordinance No. 409 was adopted by the city council. It contained a recital that inasmuch as it provided for a tax levy for the usual current expenses of the city it was to take effect immediately, but that no tax should be collected for any period commencing before January 1, 1949.

Both ordinances were designed to raise revenue for municipal purposes by the imposition and collection of license fees or taxes, for the privilege of transacting and carrying on businesses, trades, professions, callings and occupations in the city of Escondido, and the moneys collected were to be deposited in the general fund of the city. However, the two ordinances differ from each other in substance relating to items of importance. Ordinance 409, unlike ordinance 385, contains a provision that the tax levy is for the usual current expenses of the city. The ordinance is therefore not subject to referendum, as ordinances providing for tax levies or appropriations for the usual current expenses of a city are excepted from the referendum provisions of article IV, section 1, of the state Constitution. (*Hunt* v. *Mayor & Council of Riverside*, 31 Cal.2d 619, 623 [191 P.2d 426].) The tax rate imposed in ordinance 409 is not the same as in ordinance 385 and each enactment deals with a different tax year. The ordinances also differ from each other in exemption and enforcement provisions and in numerous other particulars which impel the conclusion that ordinance 409 is not similar to ordinance 385 in all its essential features and provisions.

In *In re Stratham*, 45 Cal.App. 436, 439, 440 [187 P. 986], it was said "that, ordinarily, when an ordinance which has been suspended by a referendum has been repealed by the council, the council cannot enact another ordinance in all essential features like the repealed ordinance; . . ." It was also held therein that, "The council may, however, deal further with the subject matter of the suspended ordinance, by enacting an ordinance essentially different from

the ordinance protested against, avoiding, perhaps, the objections made to the first ordinance. If this be done, not in bad faith, and not with intent to evade the effect of the referendum petition, the second ordinance should not be held invalid for this cause.''

■ The existence of bad faith on the part of the members of the city council can only be determined from the language of the ordinance, as there can be no intent in a statute not expressed in its words, and there can be no intent upon the part of the framers of such a statute which does not find expression in their words. (*Ex parte Goodrich,* 160 Cal. 410, 416, 417 [117 P. 451, Ann.Cas. 1913A 56].) There is no ambiguity in the terms of the ordinances before us and we cannot here inquire into the motives of the members of the city council in enacting ordinance 409, except as such motives appear in the language of the statute itself. (*In re Sumida,* 177 Cal. 388, 390 [170 P. 823].) We find nothing in the language of the questioned ordinance establishing bad faith, and every presumption is in favor of its validity. (*In re Porterfield,* 63 Cal.App.2d 518, 536 [147 P.2d 15].)

■ The trial court in the instant case sustained an objection to the introduction of any evidence upon the grounds that the complaint, as amended, failed to state facts sufficient to constitute a cause of action, and that extrinsic evidence was not admissible to prove any allegation of the complaint concerning the motives or intentions of the members of the city council. Since no request was made for leave to amend, a judgment for dismissal of the action was entered. We conclude that the judgment was proper under the circumstances shown by the record before us.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.