STATE EX REL. LARSON, Commissioner of the Motor Vehicle Department, Petitioner, vs. GIESSEL, Director of Budget and Accounts, Respondent.

*April 5—May 4, 1954.*

550

For the petitioner there was a brief by *Laurence W. Hall,* attorney, and *Hall & Griffith* of counsel, all of Madison, and oral argument by *Laurence W. Hall.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, and oral argument by *Mr. Persons* and *Mr. Wood.*

CURRIE, J.   We have here presented for our determination the issue of whether ch. 651, Laws of 1953, providing for refund of the registration fees paid by owners of small trailers having a gross weight of one and one-half tons, not used for hire, is unconstitutional. The attorney general, in behalf of the respondent, bases his contention of unconstitutionality solely on the ground that a refund of such registration fees violates the prohibition against use of public funds for a private purpose.

It is a well-established principle of law of this state and elsewhere that public funds may be expended only for a public purpose, and that an expenditure of such funds for a private purpose is unconstitutional. *State ex rel. Thomson*

*v. Giessel* (1953), 265 Wis. 207, 216, 60 N. W. (2d) 763; *Heimerl v. Ozaukee County* (1949), 256 Wis. 151, 158, 40 N. W. (2d) 564; *State ex rel. Martin v. Giessel* (1948), 252 Wis. 363, 369, 31 N. W. (2d) 626; *State ex rel. Wisconsin Development Authority v. Dammann* (1938), 228 Wis. 147, 175, 277 N. W. 278, 280 N. W. 698. As applied to an appropriation by the legislature, this means that an appropriation must not merely be for a public purpose but for a state purpose. *State ex rel. Wisconsin Development Authority v. Dammann, supra,* at page 183.

The brief of the attorney general in behalf of respondent submits that the general rule is that the legislature has no power to compel the refund of taxes legally collected, and that the basis for such rule is the above-stated principle that it is unconstitutional for public funds to be appropriated for a private purpose. The following authorities hold that the general rule is to the effect that the legislature has no power to compel the refund of taxes legally collected: 61 C. J., Taxation, p. 974, sec. 1254; Anno. 98 A. L. R. 284; *Utz v. Newport* (1952 Ky.), 252 S. W. (2d) 434; *Unemployment Compensation Comm. v. Savage* (1940), 283 Ky. 301, 310, 311, 140 S. W. (2d) 1073; *State ex rel. Board of Commissioners v. Blue* (1925), 190 N. C. 638, 642, 130 S. E. 743.

In Gray, Limitations of Taxing Power and Public Indebtedness, p. 913, sec. 1798, in discussing constitutional provisions in some jurisdictions, limiting the release or compromise of claims of the state, the author states that such provisions:

". . . operate, like those which expressly forbid release of taxes, to prohibit such release or commutation of claims arising out of the exercise of the taxing power. They also go further, and supplement the rules against the expenditure of public money for private purposes, for the release or

commutation of a valid claim which has accrued to the state or municipality is to that extent an appropriation of the public moneys to private ends."

In *People ex rel. Clark v. Gilchrist* (1926), 243 N. Y. 173, 153 N. E. 39, 42, the matter involved was the refund of a portion of inheritance taxes that had been collected. The amount of the taxes collected was larger than the correct amount which the court found to be payable under the proper construction of the tax statute. A statute had been enacted providing for the refund of such excess amount of the taxes. The court in commenting upon the validity of the refund statute said (p. 184):

"This is not a statute relieving the taxpayer of an undisputed burden as a mere largess or gratuity. If such were its quality, there would be need to consider whether remission of a tax already paid would be subject to condemnation as a gift of public moneys."

However, there is a further applicable and well-recognized general rule that a legislative act providing for a refund of taxes or license fees is valid if there exists *a moral obligation* to support the same. Cases so holding are: *Will of Heinemann* (1930), 201 Wis. 484, 230 N. W. 698 (refund of inheritance tax voluntarily paid under a statute imposing such tax, which statute was later declared unconstitutional and void by the United States supreme court); *State ex rel. Adams v. Crawford* (1923), 99 Conn. 378, 121 Atl. 800 (refund of a portion of liquor-license fees covering that portion of the license period when the licensees were prohibited from selling intoxicating liquors under their licenses because of the enactment of World War I Federal Prohibition Law); *Raleigh County Bank v. Sims* (1952), 000 W. Va. 000, 73 S. E. (2d) 526 (refund of business and occupation taxes paid pursuant to a tax statute later declared

to be unconstitutional and void, when such claim for refund was already barred by the statute of limitations).

The attorney general apparently concedes that if there existed in the instant case any moral obligation on the part of the state to make the refund of the registration fees collected from the owners of the trailers, not used for hire, then ch. 651, Laws of 1953, would not be void as an appropriation of public funds for a private purpose. His position is that there never can exist a moral obligation to refund a tax or license fee collected under a validly enacted statute imposing such tax or fee, except possibly when some unusual circumstance has arisen in the meantime, as in the case of *State ex rel. Adams v. Crawford, supra,* to make it inequitable that such tax or license fee be retained.

The validity of the refund statute in the case at bar therefore is dependent upon the question of whether the repeal by the legislature of the registration fees imposed on these small trailers not used for hire prior to the expiration of the first license period for which they had been paid, together with the statement contained in the refunding act that the statute under which such license fees had been collected *"inadvertently provided for licensing certain trailers which had previously been exempt from licensing"* and further declaring that *"the legislature hereby finds that it is a matter of public policy that this error be rectified by returning the fees collected,"* create a moral obligation on the part of the state to make the refund. If they do, then ch. 651, Laws of 1953, is constitutional and valid.

There is no claim made that any mistake was made in enacting ch. 320, Laws of 1953, which did away with the prior exemption extended to these small trailers not used for hire, that affected the validity of such enactment. Instead we merely have a declaration by the legislature to the effect that through inadvertence it unintentionally passed a law which

did away with the previously existing exemption, thus subjecting such small trailers to payment of registration fees.

The attorney general maintains that the legislature cannot impeach its own act and thereby establish a mistake which would support a moral obligation to repay the license fees collected by reason of such mistake. It is clear that a subsequent legislature cannot by a later act declare the construction which was intended by a former enactment so as to make such construction binding upon a court faced with making a construction of the earlier act. *Maus v. Bloss* (1954), 265 Wis. 627, 634, 62 N. W. (2d) 708; and *Green Bay Drop Forge Co. v. Industrial Comm.* (1953), 265 Wis. 38, 51b, 60 N. W. (2d) 409, 61 N. W. (2d) 847. By analogy it would seem to follow that a declaration by a subsequent legislature, that a statute adopted by a former legislature imposing a tax or license fee had been enacted as a result of inadvertence or mistake, would be entirely ineffective to establish a moral obligation to refund a tax or fee paid pursuant to the prior enactment.

However, we believe that a declaration by the same legislature, that enacted the statute imposing the tax or license fee, set forth in a subsequent chapter adopted at the same session, which declares that the prior taxing or licensing act was passed as a result of inadvertence or mistake, is entitled to be accepted as a verity by this court. While the legislature and the courts constitute separate and co-ordinate departments of the state government this is a situation where a proper attitude of mutual respect and comity require that we accord full efficacy to such declaration. We know that, because of the vast number of bills that members of the legislature are called to act upon at a single legislative session, errors occur. This is evidenced by the fact that at almost every session it is necessary to enact a subsequent chapter to correct errors which crept into statutes adopted earlier

in the session. A good example of this is discussed in *Swanke v. Oneida County* (1953), 265 Wis. 92, 103, 60 N. W. (2d) 756, 62 N. W. (2d) 7, involving a mistake made by the 1949 legislature in shortening the limitation period of a statute of limitations, without providing a grace period within which existing causes of action might be instituted, which error was corrected later in the session by amending such statute so as to provide such grace period.

We, therefore, hold that sec. 20.492, Stats. 1953, as enacted by ch. 651, Laws of 1953, providing for a refund of the registration fees collected from the owners of these small trailers not used for hire is constitutional and valid, and that the making of such refund does not constitute an appropriation of public funds for a private purpose. We recognize that the effect of our decision herein is to invoke an exception to the general rule, that a legislature has no power to compel the refund of taxes legally collected. In so far as we have been able to discover, such exception has not been sanctioned or directly denied by any prior court decision. However, it is our considered judgment that a moral obligation exists based upon the mistake of the legislature in inadvertently deleting the long-prior-existing exemption extended to small trailers not used for hire, and that such moral obligation justifies the making of the exception.

*By the Court.*—Let a peremptory writ of mandamus issue under the seal of this court directing the respondent to approve and certify for payment voucher number 1815 submitted by the commissioner of motor vehicles of the state of Wisconsin on December 22, 1953, as prayed for in the petition.

FAIRCHILD, C. J., dissents.

STEINLE, J., took no part.