[Civ. No. 17307. First Dist., Div. Two. July 29, 1957.]

GEORGE BOIE-HANSEN, Appellant, v. SISTERS OF CHARITY OF ST. VINCENT DE PAUL, INC., et al., Defendants; VERNON R. BASTIAN, Respondent.

John R. Kahle for Appellant.

Campbell, Custer, Warburton & Britton, Alfred B. Britton, Jr., and W. R. Dunn for Respondent.

DRAPER, J.—This action was tried only against defendant Bastian, surviving partner of San Jose Ambulance Company. The complaint was in two counts, alleging serious injury to plaintiff's eye by reason of two separate falls or jars sustained by him following eye surgery. The first count, which is the subject of this appeal, alleged that plaintiff was transferred from the old to the new O'Connor Hospital by ambulance on January 26, 1954. He asserts that, when the gurney upon which he lay was removed from the ambulance at the new hospital, it "dropped and fell to the ground" through the ngeligence of defendant Sisters of Charity (operators of the hospital) and defendant ambulance company. The second count was directed only against defendant Sisters of Charity, alleging that plaintiff was negligently permitted to fall from bed in the hospital February 13, 1954, with resultant injury to the same eye. The claim against Sisters of Charity was settled, and this case was tried only on the first count and only against the ambulance company. Verdict and judgment were in favor of defendant, and plaintiff appeals.

The evidence indicates that Christopherson, an employee of respondent, drove the ambulance which carried appellant from the old to the new hospital January 26. He was the only ambulance attendant present, but a female nurse rode with appellant and another patient in the ambulance. Christopherson testified that, at the new hospital, a hospital attendant came to help him move the gurney occupied by appellant. One took each side of the gurney. After it was out of the ambulance, the hospital attendant "seemed to momentarily let the gurney slip," Christopherson lowered his side to avoid rolling appellant from the gurney and, although the gurney may have slipped a foot, it did not hit the ground. Appellant's eyes were bandaged at the time of the trip. He testified that he heard a voice call "Don't drop him," and "the stretcher went down and hit something."

The only issue raised on this appeal is that the trial court erred in refusing to admit in evidence an ordinance of the city of San Jose regulating ambulance operation. This ordinance provides that "Every ambulance when in service shall be accompanied by at least two men both of whom shall

have certificates from the Health Officer permitting them to act as such attendants. The Health Officer is authorized to issue certificates for such purpose in accordance with such regulations and procedures and conditions as he may prescribe; provided that no certificate shall be issued to anyone who does not possess the qualifications . . . prescribed by the American Red Cross for the issuance of a standard First Aid certificate. . . ."

Admissibility of this ordinance depends upon whether appellant, in the factual setting here presented, is within the class of persons intended to be protected by its provisions. As stated by the trial court, the question is whether there is any showing of a causal connection between noncompliance with the ordinance and the injury to appellant.

Appellant argues that the purpose of the ordinance was to protect persons being moved in and out of ambulances. No such intention appears from the language of this ordinance, which on its face deals only with the cleanliness of ambulance drivers and with their qualifications in first aid. The ordinance does set, as a standard, the requirements of the American Red Cross for its first aid certificate. But there is uncontradicted evidence that the course required for this certificate includes no training in the handling of gurneys. The ordinance also authorizes the city health officer to fix additional requirements for certification of ambulance drivers. However, there is no evidence that any requirement of training or proficiency in the handling of gurneys or stretchers has been established. Hence, on the record before us, there is no showing that the fullest compliance with the ordinance would have served in any way to protect against the mishap asserted by appellant. On the contrary, it appears that the purpose of the ordinance was to assure that ambulances be manned by personnel able to render first aid in the emergencies to which ambulances normally respond, rather than to afford protection in handling of patients in and out of the vehicles in routine transfers of patients between hospitals.

Appellant cites *Cragg* v. *Los Angeles Trust Co.*, 154 Cal. 663 [98 P. 1063, 16 Ann.Cas. 1061]. There an ordinance required licensing of elevator operators, making examination as to competency a condition to issuance of the license. An unlicensed operator left the elevator door open for plaintiff while the operator walked down the hall on an errand. Plaintiff entered the elevator, which immediately started down, causing injury. The evidence indicated that the elevator

started because the starting lever had not been properly secured by the operator when he left it. The defendant was plaintiff's employer, and, to avoid the fellow-servant rule then in effect, it was necessary for plaintiff to show that defendant employer had not used ordinary care in the selection of the elevator operator. The ordinance was admitted upon that issue. It is clear that the ordinance there in question was designed to protect persons using the elevator against injury from its improper operation, and that the incompetence of the operator in the actual operation of the instrumentality was the cause of plaintiff's injury. The case at bar is not comparable.

It is only "Where the purpose of requiring a permit is to protect against the event which has caused loss" that violation of the ordinance constitutes negligence. (*Reid & Sibell, Inc.* v. *Gilmore & Edwards Co.*, 134 Cal.App.2d 60, 71 [285 P.2d 364].) The violation of an ordinance "is actionable negligence only as to a person for whose benefit or protection it was enacted." (*Figone* v. *Guisti*, 43 Cal.App. 606, 609 [185 P. 694].) It is clear that one in appellant's situation is not within the class designed to be protected by the ordinance in question.

Appellant relies upon the testimony of a city councilman as to the intent of the council in adopting this ordinance. There is room for doubt as to whether this testimony should be given the construction appellant seeks. In any event, the rule is clear that the intent of an ordinance must be found from its terms. Evidence of the intent of individual members of the legislative body cannot be resorted to for construction of the ordinance. (*Ex Parte Goodrich*, 160 Cal. 410 [117 P. 451, Ann.Cas. 1913A 56]; *In re Lavine*, 2 Cal.2d 324, 327 [41 P.2d 161, 42 P.2d 311]; *Gilbert* v. *Ashley*, 93 Cal.App.2d 414 [209 P.2d 50].)

The trial court did not err in excluding the ordinance.

Judgment affirmed.

Kaufman, P. J., and Dooling, J., concurred.