Taft, J.
The question to be determined is whether a village council can prevent the village electorate from voting to approve or reject an ordinance, which was not passed as an emergency ordinance and on which a valid referendum petition has been duly filed, by passing at one session after the filing of the referendum petition two consecutive emergency ordinances, one to repeal the ordinance under referendum and the other to re-enact substantially the same ordinance as repealed; and whether it can do that if the sole purpose of council in passing the two new ordinances is to prevent a vote by the electorate on the legislation contained in the ordinance with respect to which the referendum petition was filed.
This question would appear to be partially answered by the portion of Section 731.34, Revised Code, reading:
“If, after a verified referendum petition has been filed against any ordinance or measure, the legislative authority of the municipal corporation repeals such ordinance or measure, or it is held to be invalid, the board of elections shall not submit such ordinance or measure to a vote of the electors.”
*17 Appellees argue that, if council can repeal an ordinance as to which a valid referendum petition has been filed and then reenact substantially the same ordinance for the purpose of preventing a referendum on the legislation contained in those ordinances, the right to a referendum can be seriously impaired. This is probably true. See State, ex rel. Magnella, v. Meining (1916), 133 Minn., 98, 157 N. W., 991. Thus, if ordinance 15-62 had not been passed as an emergency measure, a serious question would be presented. However, our law recognizes the right of a municipal council to defeat the right to a referendum on legislation by enacting such legislation as an emergency measure ; and we have held that the question of whether there was an emergency is not subject to review in the courts if council has, by the required vote, determined that there was an emergency. State, ex rel. City of Fostoria, v. King, Aud. (1950), 154 Ohio St., 213, 94 N. E. (2d), 697.
Since council can defeat the right to a referendum on legislation by enacting it as an emergency measure, we are of the opinion that council cannot be prevented from doing that merely because it previously had enacted the same legislation without declaring an emergency and a referendum petition had been filed against such legislation.
Since the Court of Appeals should have sustained the demurrer, its judgment is reversed.

Judgment reversed.

Zimmerman, Matthias, Bryant and O’Neill, JJ., concur.
Weygandt, C. J., and Griffith, J., not participating.
Bryant, J., of the Tenth Appellate District, sitting by designation in the place and stead of Herbert, J.