State ex rel. Thompson, Attorney General, Respondent, v. Nash, Court Commissioner, Appellant.

*March 3—March 30, 1965.*

184

For the appellant there was a brief by *Godfrey & Kahn,* attorneys, and *John M. Byers* and *James Ward Rector, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Rector.*

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief were *Bronson C. La Follette,* attorney general, and *A. J. Feifarek,* assistant attorney general.

CURRIE, C. J. Three issues are presented by this appeal:

(1) Does sec. 326.12, Stats., authorize the examination of an employee of the Wisconsin department of taxation as an incident of a proceeding pending before the Wisconsin board of tax appeals?

(2) Does sec. TA 1.13, 6 Wis. Adm. Code, authorize such an examination before a court commissioner?

(3) Does the circuit court have such supervisory control over the board of tax appeals as to authorize it to direct the holding of such an examination?

*Scope of Sec. 326.12, Stats.*

Sub. (1) of sec. 326.12, is entitled, "When Depositions May be Taken," and provides:

"In any civil action or proceeding, any party may examine any person, including a party, by deposition upon oral examination at any time before final determination thereof, for the purposes of discovery or for use as evidence in the action or for both purposes."

The key words for the purpose of this appeal are: "In any civil action or proceeding." Clearly, "civil action" is confined to actions in court. "Proceeding" is a more-ambiguous term, and, standing alone, could refer to a proceeding before

an administrative agency as well as one in court. The attorney general asserts that secs. 260.02 and 260.03, Stats., control the sense in which "proceeding" is employed in sec. 326.12. Sec. 260.02 provides that remedies in courts of justice are divided into civil actions and special proceedings; sec. 260.03 defines "action" and then states, "Every other remedy is a special proceeding." However, the express wording of sec. 260.02 makes it crystal clear that these two sections are limited to remedies in courts of justice. Furthermore, ch. 260 is part of Title XXV, and sec. 260.01 limits the scope of Title XXV to civil actions in courts of record. Sec. 326.12 is found in Title XXX. Thus we cannot resort to the definition of special proceeding in sec. 260.03 as our initial approach to determine the meaning of "proceeding" as used in sec. 326.12.

If the word "proceeding" were given a general meaning so as to include court actions as well as administrative proceedings the word "action" would be superfluous. It is a principle of statutory construction that all words are to be given effect, if possible. The doctrine of *ejusdem generis* in statutory construction prevents words from becoming superfluous. It provides that where a general word follows a specific word in an enumeration the general word is construed to embrace something similar in nature to the specific word. Sutherland, Statutory Construction (3d ed.), p. 395, sec. 4909. Since "action" means a specific type of court proceeding the word "proceeding" in sec. 326.12 (1), Stats., is restricted to a proceeding in court. We, therefore, construe "proceeding" to mean a special proceeding in the sense in which the latter term is employed in sec. 260.03. While the doctrine of *ejusdem generis* is not to be applied where there is a clearly manifested legislative intent that the general term be given a broader meaning than the doctrine requires, there is no such legislative intent manifested here.

This construction is further substantiated by sub. (3) of sec. 326.12, Stats., which reads:

"After notice is served for taking a deposition, upon motion reasonably made by any party or by the person to be examined, and, upon notice and for good cause shown, *the court* may make an order that the deposition shall not be taken, or that certain matters shall not be inquired into, or any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression." (Italics supplied.)

The words "the court" necessarily mean the court in which the action or proceeding mentioned in sub. (1) of sec. 326.-12, Stats., is pending. If the legislature had intended that sec. 326.12 be applicable to proceedings before administrative agencies it would have specified in sub. (3) the court to which application was to be made for relief under that subsection.

The attorney general's brief traces the history of sec. 326.12, Stats., and its predecessor statutes back to the Revised Statutes of 1858. From time to time amendments and revisions occurred, and there is nothing in this statutory history which lends any support to appellant's contention that present sec. 326.12 is applicable to a proceeding pending before an administrative agency.

In 1931 and again in 1933 this court utilized its rule-making power to amend sec. 326.12, Stats. See 204 Wis., page ix, and 212 Wis., page xix. This action on our part is inconsistent with appellant's theory that the statute is applicable to administrative-agency proceedings, since such agencies are creatures of the legislature, apart from the judicial branch of state government. Our rule-making power does not extend to prescribing procedures to be followed by administrative agencies. In *Gray Well Drilling Co. v. State Board of Health* (1953), 263 Wis. 417, 419, 58 N. W. (2d) 64, we stated:

"The functions of administrative agencies and courts are so different that the rules governing judicial proceedings are not ordinarily applicable to administrative agencies, unless made so by statute. It is not the province of courts to prescribe rules of procedure for administrative bodies, as that function belongs to the legislature. The legislature may either prescribe rules for pleadings and procedure before such bodies, or it may authorize the administrative board or agency to prescribe its own rules."

·See also *State ex rel. Wasilewski v. Board of School Directors* (1961), 14 Wis. (2d) 243, 268, 111 N. W. (2d) 198.

Appellant places reliance upon sec. 102.17 (1) (bm), Stats., of the Workmen's Compensation Act, which provides:

"(bm) Section 326.12 shall not apply to proceedings under this act, except as to a witness:
"1. Who is beyond reach of the subpoena of a commissioner or examiner; or
"2. Who is about to go out of the state, not intending to return in time for the hearing; or
"3. Who is so sick, infirm or aged as to make it probable that he will not be able to attend the hearing; or
"4. Who is a member of the legislature, if any committee of the same or the house of which he is a member, is in session, provided he waives his privilege."

The inference appellant draws from this provision is that the legislature must have interpreted sec. 326.12, Stats., to be applicable to workmen's compensation proceedings before the industrial commission. We fail to find such argument persuasive because the construction placed on a statute by a different legislature than enacted it is not binding upon the courts. See *State ex rel. Larson v. Giessel* (1954), 266 Wis. 547, 555, 64 N. W. (2d) 421, and cases cited. Furthermore, the provision of sec. 102.17 (1) (bm), that sec. 326.12 shall not apply to proceedings under the Workmen's Com-

pensation Act except as thereafter provided, may well have been inserted out of a sense of caution on the part of the draftsmen.

The federal rules of civil procedure for discovery are not applicable to administrative-agency proceedings. 1 Davis, Administrative Law Treatise, p. 588, sec. 8.15. See also *Okum v. Kastner* (D. C. R. I. 1941), 1 F. R. D. 599.

This is the first time to our knowledge that the issue of whether sec. 326.12, Stats., is applicable to administrative-agency proceedings has been raised in this court. We deem that this indicates that it is the general consensus among the members of the bar of the state that this statute is not so applicable.

For the reasons stated, we determine that sec. 326.12, Stats., standing by itself, has no application to administrative-agency proceedings.

### Board's Rule TA 1.13.

The board has adopted the following rule of practice and procedure:

"Except as otherwise provided herein, the practice and procedure before the board shall substantially follow that before the circuit courts of this State." Sec. TA 1.13, 6 Wis. Adm. Code.

It is appellant's position that once a review proceeding is instituted by a taxpayer before the board the rule authorizes all practice and procedure applicable to a civil action in circuit court, including a discovery examination under sec. 326.12, Stats. The attorney general, on the other hand, contends the rule only applies to the conduct of the hearing before the board and is not to the procedure that precedes the hearing. We deem that either interpretation is reasonable and tenable. This being so, the proper interpretation of the rule lies within the province of the board, and not the courts.

Neither party cites to us any official interpretation of this rule by the board, except that appellant's brief asserts that it is the customary practice of the board to refuse to issue subpoenas for the adverse examination before hearing of department employees. Even if the board were to interpret its rule as applying to practice and procedure in a pending board proceeding prior to the hearing, we determine that the circuit court's judgment properly directed issuance of the writ of prohibition. This is because the rule does not confer subpoena power upon appellant as court commissioner, and the subpoena power conferred upon court commissioners by sec. 252.15 (1), Stats., is limited to court actions and proceedings.[1]

Although the subpoena ordering the discovery examination was captioned "State of Wisconsin, Wisconsin Board of Tax Appeals" it was signed by appellant, "Court Commissioner in and for Milwaukee County, Wisconsin." Appellant was not acting as authorized agent of the board of tax appeals but as court commissioner, and as such he could have no broader jurisdiction than the circuit court for such county. Ch. 256, Wis. Stats., states general provisions concerning courts of record. Sec. 256.01, provides in part as follows:

"The several courts of record of this state shall have power:
"(1) To issue process of subpoena, requiring the attendance of any witness, residing or being in any part of this state, to testify in any matter or cause *pending or triable in such courts.*" (Italics supplied.)

Court commissioners are appointed by circuit and county judges. Sec. 252.14, Stats. Being subordinate judicial of-

[1] Sec. 252.15 (1), Stats., provides:
"A court commissioner may issue subpoenas and attachments and other process to compel the attendance of witnesses; administer oaths and affidavits; take depositions and testimony when authorized by law or rule or order of any court within its jurisdiction; and certify and report said depositions and testimony."

ficers of the circuit and county courts it necessarily follows that their subpoena powers conferred by sec. 252.15 (1) are to be construed in the light of the provisions of sec. 256.01 (1), which limits the subpoena powers of courts of record to matters pending and triable in such courts. Neither courts of record nor court commissioners under the above-mentioned statutes are given subpoena power in proceedings pending before administrative agencies.[2]

### Authority of Circuit Court to Direct Holding of Discovery Examination.

Sec. 8, art. VII, Wisconsin constitution, provides that circuits courts "shall have . . . appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same." Any tribunal acting in a quasi-judicial capacity is subject to this jurisdiction of the circuit court. *State ex rel. Ballard v. Goodland* (1915), 159 Wis. 393, 396, 150 N. W. 488. The instant board is a tribunal which acts in a quasi-judicial capacity. From this premise appellant argues that the circuit court should have required a return to be made to the alternative writ of prohibition, and, upon such return, directed the holding of the discovery examination of the department employee by exercising the court's supervisory power under the aforequoted provision of the state constitution.

In support of this contention appellant maintains that the equities of the case would require the circuit court to take this action. These asserted equities are: Under the procedure followed by the department in conducting its hearings, the taxpayer is first required to take the stand and present his case. The instant assessment has been based entirely on a net-worth formula, and the taxpayer disputes the net-worth figures used by the department employee. The taxpayer has

---

[2] For subpoena power with respect to matters pending before the board of tax appeals, see sec. 73.01 (5) (d), Stats.

been unsuccessful in obtaining from the department information to substantiate these net-worth figures. Therefore, taxpayer's initial testimony must of necessity be merely negative in character. He will not be able to prepare and present his case until after he hears the testimony of the department employee who made the audit which puts the taxpayer at a tremendous disadvantage.

This court has never interpreted sec. 8, art. VII, Wisconsin constitution, as authorizing the circuit courts to interfere with the orderly operating procedures of an administrative agency in the absence of a showing of a denial of due process. Traditionally, unless the legislature has prescribed some other method of review, administrative-agency determinations have been reviewed by certiorari. *Clintonville Transfer Line v. Public Service Comm.* (1945), 248 Wis. 59, 69, 21 N. W. (2d) 5. The legislature has now prescribed a comprehensive review procedure with respect to most state administrative-agency determinations, including those of the instant board, by enacting the Wisconsin Administrative Procedure Act (ch. 227, Stats.). Because of the scope of review granted by sec. 227.20 (1), any denial of due process can in most instances be adequately remedied thereunder. Even where an administrative agency is acting in a quasi-judicial capacity, the circuit court should not exercise its supervisory control under sec. 8, art. VII, independently of ch. 227, except where there has been a substantial showing of denial of due process which cannot later be adequately remedied by review under ch. 227.

While appellant has made a showing that makes a strong appeal to our sense of fair play, this showing falls far short of establishing a denial of due process. In fact, appellant does not contend that there has been a denial of due process. Therefore, the circuit court did not err in not permitting a return to be made to the alternative writ upon denial of the motion to quash. Even if a return had been permitted it

would not have been proper to have directed the holding of a discovery examination.

While not material to the disposition of this appeal, we deem that this is a proper occasion to qualify a statement made in the court's opinion in *Clintonville Transfer Line v. Public Service Comm., supra.* This statement occurs at page 69, and is, "The powers exercised by administrative agencies are legislative and not judicial in their nature." This is incorrect in that sometimes such powers are quasi-judicial and not legislative. For an instance of prior recognition of this see *Muench v. Public Service Comm.* (1952), 261 Wis. 492, 515p, 53 N. W. (2d) 514, 55 N. W. (2d) 40. An illustration of a state administrative agency functioning in a quasi-judicial capacity is provided by *State ex rel. Ball v. McPhee* (1959), 6 Wis. (2d) 190, 94 N. W. (2d) 711. The duties of the instant board are almost entirely, if not entirely, quasi-judicial as distinguished from legislative. Sec. 73.01 (5), Stats. For a discussion of the nature of the powers exercised generally by administrative agencies, see 1 Davis, Administrative Law Treatise, pp. 64 *et seq.*, sec. 1.09.

*By the Court.*—Judgment affirmed.

BEILFUSS, J. (*concurring*). I agree with the majority for the reasons stated in the opinion. I would simply add, that because the procedure adopted by the board is antagonistic to our sense of fair play, we commend to the board for its consideration the adoption of a rule which would afford to any party a right to discovery examination prior to hearing in contested quasi-judicial proceedings pursuant to authority of sec. 73.01 (5) (d), Stats.