[No. 37282. En Banc. November 10, 1965.]

THE CITY OF YAKIMA, *Appellant,* v. STEPHEN H. HUZA, *Respondent.**

*Fred H. Andrews,* for appellant.

*Allen B. Fortier* and *Arthur W. Kirschenmann,* for respondent.

DONWORTH, J.—This is a declaratory judgment action brought by appellant, City of Yakima, praying for a determination that the initiative ordinance proposed by re-

*Reported in 407 P.2d 815.

spondent Huza, a registered voter of the city, is invalid on several grounds. Respondent counterclaimed for a decree ordering the City of Yakima authorities to submit the initiative to an election by the people of Yakima. Each party moved for summary judgment. The trial court rendered summary judgment in favor of respondent Huza and ordered:

It Is Further Ordered, Adjudged and Decreed That the City of Yakima hold an election for the purpose of voting upon the ordinance proposed by the defendant and filed by him with the Clerk of the City of Yakima on the 30th of April, 1962; that such election be held at the earliest date permissible under the provisions of the Municipal Code of the City of Yakima and the statutes of the State of Washington.

The Charter of the City of Yakima provides:

Article IV
Legislation by the People

Section 1. The people of Yakima, in addition to the method of legislation hereinbefore provided, shall have direct legislation by the initiative and referendum.

Section 2. The initiative shall be exercised in the following manner:

(a) A petition signed by registered and qualified electors of the City, accompanied by the proposed legislation in the form of a proposed ordinance and requesting that such ordinance be submitted to a vote of the people shall be filed with the City Clerk.

(b) Within two days from the filing of such petition the City Clerk shall certify the number of votes cast at the last general City election and the number of signers of such petition, and shall present such certificate, petition and proposed ordinance to the City Commission.

(c) If such petition be signed by qualified electors in number equal to twenty per centum of the total number of votes cast at the last preceding general city election, the City Commission within twenty days after receipt thereof, except as otherwise provided in this charter, shall either pass such ordinance without alteration, or submit it to a popular vote at a special election which must be held within thirty days after the date of the ordering thereof: Provided, however, that if any other

municipal election is to be held more than thirty days but within ninety days after the filing of the petition, said proposed ordinance shall be submitted without alteration to be voted upon at such election.

Section 3. If, prior to the date when any ordinance shall take effect, a petition signed by qualified electors equal in number to ten per centum of the entire vote cast at the last preceding general city election shall be filed with the City Clerk, protesting against the enactment of such ordinance, it shall be suspended from taking effect. Immediately upon the filing of the petition the City Clerk shall do all things required in Section 2 of this article. Thereupon the City Commission shall immediately reconsider such ordinance, and, if it does not entirely repeal the same, shall submit it to popular vote at the next municipal election; or, the City Commission may call a special election for that purpose; and such ordinance shall not take effect, unless a majority of the qualified electors voting thereon at such election shall vote in favor thereof.

Section 4. The City Commission may submit to popular vote for adoption or rejection at any election any proposed ordinance in the same manner and effect as provided in this article for submission on petition.

Section 5. There shall not be held under this article more than one special election in any period of six months.

Section 6. The City Commission, by ordinance, shall make further regulations for carrying out the provisions of this article not inconsistent herewith.

The statutes invoked by respondent are:

RCW 35.17.260: Ordinances may be initiated by petition of electors of the city filed with the commission. If the petition accompanying the proposed ordinance is signed by registered voters in the city equal in number to twenty-five percent of the votes cast for all candidates for mayor at the last preceding city election, and if it contains a request that, unless passed by the commission, the ordinance be submitted to a vote of the people, the commission shall either:

(1) Pass the proposed ordinance without alteration within twenty days after the city clerk's certificate that the number of signatures on the petition are sufficient; or

(2) Immediately after the clerk's certificate of sufficiency is attached to the petition, order a special election

to be held not less than thirty nor more than sixty days thereafter, for submission of the proposed ordinance without alteration, to a vote of the people unless a general election will occur within ninety days, in which event submission must be made thereat.

RCW 35.17.290: If the clerk finds the petition insufficient or if the commission refuses either to pass an initiative ordinance or order an election thereon, any taxpayer may commence an action in the superior court against the city and procure a decree ordering an election to be held in the city for the purpose of voting upon the proposed ordinance if the court finds the petition to be sufficient.

The controversies of this case arise out of the attempt of respondent and other voters in the city of Yakima to obtain an initiative election on an ordinance which the city council had refused to pass, and had refused to submit to an election of the people. The chronological sequence of events in this case is as follows:

For several years prior to November 20, 1961, there was in effect in the city of Yakima an ordinance which had been codified as Chapter 5.50 of the City of Yakima Municipal Code, which imposed a license and occupation tax on the gross receipts of privately owned electric power and telephone utilities in the city of Yakima and the gross receipts of the publicly owned (city) water system and garbage service system.

On November 20, 1961, the city council of appellant, City of Yakima, enacted ordinance No. 300, and on December 18, 1961, the city council enacted ordinance No. 308. These two ordinances amended several sections of Chapter 5.50 of the City of Yakima Municipal Code, and were to become effective about January 1, 1962, at which time the taxpayers referred to therein commenced to pay taxes at the increased rates and on the revised basis provided by these amendatory ordinances.

The effects of the amendments were:

(1) To re-enact the permanent tax rate on the gross receipts received for local service by the privately owned, franchised electric power company.

(2) To increase the permanent tax rate and revise the gross receipts basis to include only gross receipts for local service received by the privately owned, franchised telephone company.

(3) To enact a temporary surtax for the calendar year 1962 on the same tax basis—gross receipts for local service —to be paid by the electric power company and the telephone company.

(4) To enact a tax on the gross receipts for local service for the calendar year 1962 received by the privately owned, franchised natural gas company.

April 30, 1962, respondent, Stephen H. Huza, filed with the clerk of appellant, City of Yakima, an initiative petition and a form of proposed ordinance which would have amended Chapter 5.50 of the City of Yakima Municipal Code. At this time, there was also in effect in the city of Yakima an ordinance codified as Chapter 7.64 of the City of Yakima Municipal Code, which "taxed" the city owned water system and garbage collection service. Sections 5 and 6 of the ordinance proposed by respondent's initiative petition would also have amended sections of this Chapter 7.64 of the City of Yakima Municipal Code.

The effects of the amendments proposed by the initiative were:

(1) To repeal the increased tax rates on the gross receipts and revised tax bases of the electric power company and the telephone company.

(2) To repeal the tax provision taxing the gross receipts of the natural gas company.

(3) To allow tax credits on future taxes equal to all increased taxes collected under ordinances No. 300 and No. 308.

(4) To reduce the "taxes" charged to the city water and sewer department on the separately held funds known as the "municipal water fund" and the "municipal garbage collection service fund" which are derived from the fees collected by that department for these respective services.

The method by which the initiative proposed to accomplish the first two results enumerated above was to simply

repeal ordinances No. 300 and No. 308 by the following provisions:

Section 1. Ordinance No. 300 entitled "An Ordinance relating to business and occupation taxes upon certain utilities, increasing the tax rates, providing for a surcharge, amending Sections 5.50.050, 5.50.040 and .090 of the City of Yakima Municipal Code, saving certain taxes and declaring an emergency." passed on November 20, 1961, is hereby repealed, effective as of November 20, 1961, the same as though said Ordinance No. 300 had never been passed or approved.

Section 2. Ordinance No. 308 entitled "An Ordinance relating to business and occupation taxes upon certain utilities adjusting the tax rates, amending Section 5.50.050 of the City of Yakima Municipal Code." passed on December 18, 1961, is hereby repealed, effective January 17, 1962, the same as though said Ordinance No. 308 had never been passed or approved.

On July 3, 1962, after the time had expired within which the city council was required by the provisions of the city charter either to pass the proposed ordinance without amendment or to order an election on the initiative measure, appellant, City of Yakima, commenced this action, in which it prayed for a declaratory judgment to adjudicate that only the legislative body composed of the city council of appellant, City of Yakima, had the authority to amend Chapter 5.50 of the City of Yakima Municipal Code. Appellant further prayed that this action adjudicate that the form of ordinance proposed by respondent's initiative petition was so ambiguous and vague as to be invalid, and that it violated Const. art. 8, § 7, and that, for these reasons, the city council of appellant, City of Yakima, need not pass the form of ordinance proposed by respondent's initiative petition nor submit the same to a vote of the people. Respondent counterclaimed for an order of election pursuant to RCW 35.17.260 and RCW 35.17.290.

Before this case had come to trial, the Yakima city council passed ordinance No. 390, on October 29, 1962. This ordinance made no reference to ordinances No. 300 and No. 308. Instead, it referred directly to the City of Yakima

Municipal Code, section 5.50.050. Ordinance No. 390 enacted, for the calendar year 1963, essentially the same provisions that were enacted in ordinances No. 300 and No. 308. (The surtax rate was somewhat lower for 1963.)

On June 27, 1963, after each party had moved for summary judgment and had filed the appropriate affidavits, the trial court rendered its oral judgment favorable to respondent Huza, and requested respondent to prepare and submit findings of fact, issues of law, and conclusions of law. These were prepared and submitted. The signing of these documents, including, in addition, a judgment favorable to respondent, was vigorously opposed by appellant city, but, on July 29, 1963, the trial court accepted respondent's position in this case, and signed the findings of fact, issues of law, conclusions of law, and judgment favorable to respondent. From these findings, rulings and orders, appellant appealed and has assigned 14 formal assignments of error. These assignments raise several issues, which will be taken in the order most appropriate to the determination of this case.

Appellant's assignment of error No. 5 reads as follows:

The Trial Court committed error in refusing to enter appellant's proposed Conclusion of Law No. 5 . . . which reads as follows:

"5. That the fact of the passage of Ordinance No. 390 . . . by the City Council of plaintiff City, and the fact that the surtaxes imposed by said Ordinances No. 300 and 308 were temporary taxes, render moot the question as to the right to vote on the said ordinance proposed in defendant's said initiative petition because the ordinances sought to be repealed thereby have been repealed by virtue of said Ordinance No. 390."

Appellant argued in support of this assignment of error that ordinance No. 390 effectively repealed ordinances Nos. 300 and 308, which are the identical ordinances to be repealed by sections 1 and 2 of respondent's proposed ordinance.

We believe the argument of appellant has merit although it has characterized the effect of ordinance No. 390 inac-

curately. Ordinance No. 390 actually extended the temporary surtaxes enacted by ordinances No. 300 and No. 308, albeit, at a lower rate for 1963. The permanent taxes enacted by ordinances No. 300 and No. 308 were, in effect, re-enacted when ordinance No. 390 provided for them as a part of the 1963 tax ordinance. This ordinance also extended the tax on the natural gas utility gross revenues for the year 1963, which tax would have normally expired at the end of 1962. The passage of ordinance No. 390, which was apparently appropriate for the continuation of tax programs of the city, made the ordinance proposed by the initiative ineffective to repeal those taxes which had been originally enacted through ordinances No. 300 and No. 308.

If the proposed ordinance were submitted to the people at this time, no tax increase would be repealed because the tax increases would continue in effect through ordinance No. 390. The repealing sections in the initiative ordinance do not have any effect on the present provisions of City of Yakima Municipal Code, section 5.50.050, as amended by ordinance No. 390, because the initiative refers only to ordinances No. 300 and No. 308. In other words, the initiative would repeal no present taxes. Hence, the question whether the initiative should be submitted to the vote of the people is therefore moot.

Respondent has argued that such a repeal would not be moot because the repeal of ordinances No. 300 and No. 308 would be retroactive to the initial effective dates of the ordinances, and the tax increase collected during 1962 pursuant to those ordinances would be allowed as a tax credit to the taxpayers. This argument is opposed by appellant in connection with appellant's assignment of error No. 4, which reads:

The Trial Court committed error in refusing to enter appellant's proposed Conclusion of Law No. 4 . . . which reads as follows:

"4. That the ordinance proposed by defendant and filed with its initiative petition . . . is invalid for the reason that it contravenes Article VIII, Section 7, of the Washington State Constitution inasmuch as said

proposed ordinance provides that public funds shall be given to private persons."

16 McQuillin, Municipal Corporations § 44.186 (3d ed. rev. 1963) states: "Funds raised by taxation may legally be spent only for public purposes." The footnote to that sentence cites the case of *Utz v. Newport,* 252 S.W.2d 434 (Ky. 1952), where, in a case similar to the instant case, it was held that the municipal legislative body may not authorize the return of a tax which was validily collected. We agree with the statement by that court. The Washington state constitutional provisions which prohibit making a gift of public money or credit, art. 8, §§ 5 and 7, are both applicable to this situation, and prohibit such a refund as provided for in this initiative ordinance.

The situation might well be treated differently if there were any question about the validity of ordinances No. 300 and No. 308, or if some duty existed on the part of the city to refund part of the taxes. Respondent has not challenged the validity of the ordinances, nor has he claimed that the city has any duty to return the increased taxes collected under the ordinances. See *State ex rel. Larson v. Giessel,* 266 Wis. 547, 64 N.W.2d 421 (1954). The precise limits of the application of this rule we do not decide. We are holding only that, where a tax ordinance has been previously validly enacted, it cannot be repealed retroactively, and the tax money heretofore collected validly cannot be refunded simply on the basis of the retroactive repeal.

Respondent has argued that the provision for a tax credit to the taxpayers in the amount of the increased taxes enacted by ordinances No. 300 and No. 308, which credit was to be applied to the future taxes owed by these taxpayers was not a refund of taxes because it was not a payment of money. We believe the difference in the form of the tax credit is not material in this case. The effect is a refund of taxes validly collected, and the constitutional prohibition applies.

Respondent has argued that the court need not inquire into the validity of the refund provision in the ordi-

nance because RCW 35.17.290 provides that the court need only determine the sufficiency of the initiative petition, after which the court may order the election. If the validity of the initiative ordinance has been challenged, as in this instance, by a declaratory judgment action, the court has the responsibility of determining the validity of the statute or ordinance, at least in so far as the validity or invalidity is apparent and obvious in the wording of the act. See *Peterson v. Hagan*, 56 Wn.2d 48, 351 P.2d 127 (1960).

We wish to be very clear as to the application of this principle to the facts in this case. We are *not* holding that the city council could be *enjoined* from enacting this ordinance because of its potential invalidity. That is an entirely different question with different ramifications and considerations which are not present in this case. We are holding only that the city cannot be ordered to hold an election in this instance because it would be requiring the city to perform a useless act, and to expend public funds uselessly. See *State ex rel. Close v. Meehan*, 49 Wn.2d 426, 302 P.2d 194 (1956).

The judgment of the trial court which ordered the city to submit the initiative to an election pursuant to the city charter is hereby reversed with directions that the case be dismissed. Each party shall pay his own costs. It is so ordered.

FINLEY, WEAVER, OTT, HAMILTON, and HALE, JJ., concur.

FINLEY, J. (concurring in the result)—It seems to me that respondent was not reasonably diligent in seeking implementation of his interests or rights relative to the initiative process. He could have originated an action in the courts for injunctive or other relief rather than waiting for the city to litigate. After winning the bout with the city in the Superior Court for Yakima County, he might have pressed this advantage more timely than awaiting the outcome of the appeal by the city. In other words, respondent cannot escape responsibility for delay and frustration in the instant litigation and for the basic fact adverted to in the

majority opinion; namely, that the issues in this appeal have now become moot because of the passage of time and the happening of certain critical events alluded to by the majority.

For the reasons indicated, I have signed and concur in the majority opinion.

HILL, J. (dissenting)—I dissent. If, as the majority holds, the City of Yakima by its own legislative action can render moot litigation which it commenced, asking for a determination as to whether the initiative measure with which we are here concerned should be presented to the electorate of that city, we have both a frustration of the initiative process and a flagrant abuse of the judicial process.

The facts are set forth in the majority opinion, and I would only emphasize that the ordinance proposed by the initiative was an amendment to existing taxing ordinances.

The judicial process was invoked by the City of Yakima when it asked for a declaratory judgment holding that initiative to be invalid. This procedure delayed the immediate (within 30 days) vote on the initiative required by charter and statute (if the city commission refuses to pass an ordinance proposed by an initiative). Before its declaratory-judgment action could come to trial, the city by the legislative legerdemain described in the majority opinion, switched the legislative base for the tax structure which the initiative sought to amend, and the city now urges that such legislative base is now a completely inoperative phantom of the law and any amendment of it would be useless.

My view is that when an initiative containing the requisite number of signatures of registered voters is filed with the city commission, the Yakima City Charter specifically limits the action that the commission can take to either passing the proposed ordinance "without alteration," or submitting it "without alteration" to

a popular vote at a special election which must be held within thirty days after the date of the ordering thereof:

The applicable state statute (RCW 35.17.260) likewise provides that the city commission, after proper certification

of the requisite number of signatures, shall either "Pass the proposed ordinance without alteration," or submit it "to a vote of the people" at a special election.

It seems to me that the restriction on any alteration of the proposed initiative by the commission and the requirement that it either pass the proposed ordinance or submit it to a vote of the people, impliedly restricts any further amendment or change in the subject matter covered by the initiative, except that the city might also submit at the same election any alternative ordinance it might propose. (The charter provides that the commission may "submit to popular vote for adoption or rejection at any election any proposed ordinance in the same manner and effect as provided in this article for submission on petition.")

Ordinarily, when an ordinance has been suspended by a referendum and is repealed by the city council, the council cannot enact another ordinance in all essential features like the repealed ordinance and thus frustrate the referendum. See *Gilbert v. Ashley,* 93 Cal. App. 2d 414, 209 P.2d 50 (1949); *In re Stratham,* 45 Cal. App. 436, 187 Pac. 986 (1920); *State ex rel. Megnella v. Meining,* 133 Minn. 98, 157 N.W. 991 (1916).

Nor can the city commission in this case be permitted to frustrate the initiative by a repealing and reenacting procedure. If there is any question as to whether the city commission was, or was not, deliberately endeavoring to nullify the initiative, the case should be remanded for a determination of that issue of fact. Personally, I am prepared to hold, on the record before us, that the legislative shenanigans of the Yakima City Commission (which the majority says rendered moot the declaratory-judgment action which the city had brought) were deliberately intended to nullify the initiative and hence have no validity; and, consequently, the ordinances which the proposed initiative ordinance seeks to amend are still in effect. I would further hold that the proposed ordinance is not of a character which is excluded from being enacted by the initiative process and, if adopted, it would be valid except as to the tax refund provisions, which, as the majority have pointed

out, would be unconstitutional. I would affirm the trial court's order directing an election upon the ordinance proposed by the initiative.

ROSELLINI, C. J. and HUNTER, J. concur in the result of the dissent.