MICHAEL LEY, Secretary Department of Revenue
You have requested my opinion regarding a situation involving litigation pending before the Tax Appeals Commission and a request under the public records law for access to records in the custody of the Department of Revenue. You state that the records would be accessible to parties to the litigation via discovery procedures available within the context of the litigation. You ask whether the public records request can be denied on the ground that the records relate to pending litigation and are available through discovery. You submit that such an outcome is in the *Page 2 
public interest because it allows the litigation to follow its normal and orderly course.
The framework for analyzing public records issues is concisely stated in the recent decision in Hathaway v. Green Bay SchoolDist., 116 Wis.2d 388, 392, 342 N.W.2d 682 (1984): "Public policy and public interest favor the public's right to inspect public records. Without an exception based upon statute, common law, or an overriding public interest in nondisclosure, there is a presumption that the public has the right to inspect public records."
An exception to the general right or access to public records must be established specifically by statute or common law limitation. Secs. 19.35(1)(a) and 19.36(1), Stats. Examples of specific statutory exemptions are those pertaining to public assistance records (section 49.53), patient health care records (section 146.82) and tax returns (section 71.11(44)(a)). An example of a common law limitation is that relating to access to documentary evidence in the hands of a district attorney. Stateex rel. Youmans v. Owens, 28 Wis.2d 672, 680, 137 N.W.2d 470,137 N.W.2d 241 (1965). I am not aware of any specific statute or common law limitation which generally exempts records from the public records law because they relate to pending litigation and are subject to civil discovery.
It is my opinion. however, that where specific discovery procedures apply, they are the means by which litigants are to accomplish access to public records.
Section 19.35(1)(a) codifies the general rights of access as follows:
 Except as otherwise provided by law, any requester has a right to inspect any record. Substantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect. The exemptions to the requirement of a governmental body to meet in open session under s. 19.85 are indicative of public policy, but may be used as grounds for denying public access to a record only if the authority or legal custodian under s. 19.33 makes a specific demonstration that there is a need to restrict public access at the time that the request to inspect or copy the record is made.
Section 19.35(1)(j) provides: "Notwithstanding pars. (a) to (f), a requester shall comply with any regulations or restrictions upon *Page 3 
access to or use of information which are specifically prescribed by law."
"Regulate" means to govern or direct according to rule. "Regulation" is defined as "an authoritative rule or principle dealing with details of procedure . . . ." Webster's Third New International Dictionary 1913 (4th ed. 1976); see sec. 99.01(1), Stats.
It is my opinion that any discovery procedures applying specifically to administrative proceedings before your agency do constitute the "regulation" of access to public records that may be relevant in the proceedings. Thus the discovery procedures would be incorporated in the public records law through section19.35(1)(j) as the means of accomplishing access.
For your agency, section TA 1.35 Wis. Adm. Code provides that "[p]arties may obtain discovery before the commission in the same manner and by the same method as provided under ch. 804, Stats., unless inconsistent with or prohibited by statute . . . ." Thus, access to documents would be accomplished via the procedures set forth in section 804.09.
Incorporation of applicable rules of discovery into the public records law ensures the orderly access to records in the context of litigation. It also serves to guarantee that opposing counsel will have notice of discovery thus allowing full participation in or at least monitoring of the discovery process. This is in the general public interest and serves to promote the orderly and effective administration of justice. See State ex rel. Dudek v.Circuit Court, 34 Wis.2d 559, 576, 150 N.W.2d 387 (1967).
I should note that if a matter is involved in a quasi-judicial proceeding pending before an administrative agency which does not have any regulations relating to discovery, it is my opinion that a party to the proceeding would be free to use the public records law for discovery. The rules of civil procedure do not apply to administrative proceedings unless specifically made applicable by a rule like section TA 1.35. State ex rel. Thompson v. Nash,27 Wis.2d 183, 133 N.W.2d 769 (1965). of course, as a matter of courtesy and professional practice, an attorney for the requesting litigant should coordinate access with opposing counsel.
The foregoing analysis does not resolve the question of general public access to public records that happen to be relevant to pending litigation. As mentioned earlier in this opinion, the pendency of *Page 4 
civil litigation involving public records does not by itself trigger any general statutory or common law exception to the public records law. Therefore, the commencement of civil litigation should not usually affect the rights of the public to have access to relevant records.
However, as always, it is possible that there may be factors that would justify nondisclosure of public records under the common law balancing test which has been carried forward in the statutes by virtue of section 19.35(1)(a). In the leading case ofState ex rel. Youmans v. Owens, 28 Wis.2d at 681. the court said:
 Thus the right to inspect public documents and records at common law is not absolute. There may be situations where the harm done to the public interest may outweigh the right of a member of the public to have access to particular public records or documents. Thus, the one must be balanced against the other in determining whether to permit inspection.
The commencement of litigation and pursuit of discovery by a party to the litigation could be a factor taken into account by a custodian when confronted by an independent public records request for related relevant documents. Although it should normally be possible to satisfy both discovery and public records requests, factors like timing, the nature of the case and the nature and scope of the records could possibly justify postponing compliance with a public records request. The determination will have to be made on a case-by-case basis.
BCL: RWL